A. P. SMART ET AL. v. L. D. PANTHER.

Decided March 10, 1906.

**1.—Administration—Confirmation of Sale—Contest—Pleading.**

On November 7, 1901, and January 30, 1902, certain claims against an estate were approved by the County Court; on January 30, 1902, the administrator obtained an order of the court to sell certain property of the estate to pay established claims; on April 22, 1902, a sale of the property was reported to the court for confirmation; on April 24, 1902, a petition was filed objecting to the confirmation of the sale on the ground that the claims, for the payment of which said land was sold, were barred by limitation when allowed by the administrator and approved by the court. Held, that the petition was a direct, and not a collateral attack on the action of the court in approving said claims, and was filed within a reasonable time.

**2.—Same.**

A petition attacking the approval of claims against an estate on the ground that they were barred by limitation should allege facts showing that said claims did not come within any of the exceptions that would prevent the bar of limitation.

**3.—Advancement—Gift.**

Whether property received by a child from a parent should be accounted for on final partition of parent's estate depends upon whether such property was intended as a gift or an advancement.

**4.—Attack Upon Approval of Claim—Evidence.**

Where a claim against an estate has been allowed by the administrator and approved by the court, such action is a quasi judgment, and the mere fact that such claim appears on its face to be barred by limitation when allowed and approved, is not sufficient to authorize the court to set aside such judgment. It must be shown that facts which would take it out of the operation of the statute did not exist.

**5.—Judgment—Pleading.**

An attack upon the action of the court in approving a claim against an estate was based solely on the allegation that said claim was barred by limitation. Without proper allegation, showing that the estate was only liable for one-half of said claim, proof thereof was not admissible, and being admitted, furnished no basis for a judgment.

**6.—Assets of Estate—Rents.**

Rents from estate property collected by one interested in an estate before the grant of administration constitute assets of the estate, and the administrator alone has authority to sue for and collect the same.

**7.—Administration—Jurisdiction.**

Where upon appeal from the County to the District Court in probate matters it appears that further administration is necessary, the District Court should certify its action to the County Court for observance and further proceeding.

Appeal from the District Court of Titus County. Tried below before Hon. R. T. Wilkinson, Special Judge.

*Pounders & Burford,* for appellants.—When a claim has been regularly allowed by the administrator and approved by the court and a judgment of the County Court entered establishing said claim as a valid debt against said estate, a party moving to set aside such judgment and

to disallow said claim on the ground that it was barred by the statute of limitations when it was allowed, must not only show that it appeared to be barred, but he must go further and allege and prove that the said claim did not come within any of the exceptions that would stop or prevent the bar from obtaining. Eccles v. Daniels, Admr., 16 Texas, 137; Hillebrant v. Burton's Heirs, 17 Texas, 138; Montgomery v. Culton, 18 Texas, 736; Heffner, Admr., v. Brander, 23 Texas, 631; Mosely, Admr., v. Gray, 23 Texas, 496; Lott v. Cloud, 23 Texas, 255.

When a debt against an estate is properly proven up, presented to and allowed by the administrator, and then presented to the county judge and by him approved and judgment of the County Court entered establishing it as a debt against the estate, the mere proof that the debt appears upon its face to be barred by the statute of limitations is insufficient to authorize the court to set the judgment of the County Court aside. Heffner v. Brander, 23 Texas, 631; Mosely, Admr., v. Gray, 23 Texas, 496; Howard v. Johnson, 69 Texas, 655.

In a contest to the confirmation of a sale made by an administrator, attacks can not be made on the judgments of the County Court establishing claims against the estate, because such attacks are collateral. Sayles' Rev. Stats., art. 2085; Eastland v. Williams, 92 Texas, 116; Williams v. Robinson, 63 Texas, 576; Swan, Admr., v. House, 50 Texas, 650; Brooks v. Powell, 29 S. W. Rep., 809.

All facts found by a court in the trial of a case should be based on the pleadings and the evidence, and a court can not find a fact not alleged in the pleading and not supported by the evidence.

Matters not alleged, though proved, can not form the basis of a judgment or a finding of fact by a court. Texas Banking & Ins. Co. v. Stone, 49 Texas, 4; Texas Pac. Ry. Co. v. Johnson, 34 S. W. Rep., 186.

In appeals from the County Court to the District Court in probate cases, it is the duty of the District Court to render such judgments as the County Court should have rendered. Sayles' Rev. Stats., art. 2262; Young v. Gray, 65 Texas, 100; Henry v. Drought, 10 Texas Civ. App., 381; Arredondo v. Arredondo, 25 S. W. Rep., 336.

*Chas. S. Todd* and *Rolston, Ward & Hutchings,* for appellee.—This was a direct and not a collateral proceeding in the County Court. Crawford v. McDonald, 88 Texas, 630; Buchanan v. Bilger, 64 Texas, 589-93; Van Fleet, Collateral Attack, sec. 2.

The facts alleged, that the claims were barred by limitation and their approval secured by fraudulent collusion, entitled appellee to have the sale rejected and previous orders set aside or reformed. Moore v. Hardison, 10 Texas, 472; Yarborough v. Leggett, 14 Texas, 681; Moore v. Hillebrant, 14 Texas, 315.

When the above three cases were decided the law required such proceedings to be originally instituted in the District Court, but such is not the law now. The proceeding must be brought in the court in which the order or judgment attacked was rendered. Franks v. Chapman, 60 Texas, 46, 61 Texas, 576; Buchanan v. Bilger, 64 Texas, 591; Edwards v. Halbert, 64 Texas, 669; Howard v. Johnson, 69 Texas, 657; Fortson v. Alford, 62 Texas, 576; Heath v. Layne, 62 Texas, 694; Wren v. Nesbitt, 85 Texas, 286.

It was the duty of the District Court on appeal from County Court, to try the matters in controversy de novo and to render proper final judgment. Rev. Stats., art. 2262; Wren v. Nesbitt, 85 Texas, 286; Kelly v. Settegast, 68 Texas, 13; Newton v. Newton, 61 Texas, 511; McLane v. Paschal, 62 Texas, 102; Arredondo v. Arredondo, 25 S. W. Rep., 336; Henry v. Drought, 10 Texas Civ. App., 381; Tanner v. Ames, 37 S. W. Rep., 373.

TALBOT, ASSOCIATE JUSTICE.—J. H. King died intestate on the 29th day of December, 1897, leaving surviving him three heirs at law, to wit: J. J. King, Mrs. Peggie Smart and Mrs. Bettie Zarr. A small lot of land in the town of Mt. Pleasant, upon which there was situated a two-story brick house constituted his entire estate, which house and lot is the subject matter of this litigation. Appellee L. D. Panther had a judgment against J. J. King, who was the son of J. H. King, deceased, and obtained an execution on said judgment and had the same levied on said house and lot and the same was sold under said execution on the 5th day of July, 1898, as the property of J. J. King, and appellee bought it at the sheriff's sale and obtained the sheriff's deed to the whole of the property, which deed is dated July 5, 1898, and on the 23d day of April, 1901, brought his action in the District Court of Titus County, Texas, in the usual form of trespass to try title to said property, against the said J. J. King, Mrs. Peggie Smart and her husband, A. P. Smart, and Mrs. Bettie Zarr.

F. W. Fitzpatrick was appointed administrator of the estate of the said J. H. King and qualified as such on the 7th day of May, 1901. The administrator applied to the County Court for an order to sell the property involved in this suit for the purpose of paying debts which had been proven up and established against said estate. On the 30th day of January, 1902, said order was granted and the administrator ordered to sell said property for cash at private sale. On the 19th day of April, 1902, the administrator sold said property at private sale to A. P. Smart for $524.75 cash, and on the 22d day of April, 1902, reported said sale to the County Court for its approval and confirmation.

Appellee filed his contest in the County Court, objecting to the confirmation of said sale, alleging that the debts, to pay which the property had been sold, were barred by the statute of limitation and charging fraud on the part of A. P. Smart in procuring such administration to be opened. On the 7th day of August, 1902, the report of sale came on to be heard, and the court confirmed the sale and ordered the administrator to make deed to the purchaser upon the payment of the purchase money. Appellee appealed to the District Court of Titus County, in which the said action of trespass to try title was then pending. When this case was called for trial the two cases were consolidated and tried together before R. T. Wilkinson, Esq., special judge agreed upon by the parties to try said causes, the regular district judge being disqualified.

The only claims presented, allowed and approved by the court against the estate of the said J. H. King, deceased, were in favor of appellant Smart, and are as follows: An account of appellant Smart for board of the said J. H. King and for his funeral expenses, amounting in the aggregate to $248.50. One note for $50, dated October 1, 1896, and due

November 1, 1896, and one note for $50, dated the — day of ——, 1897, and due November 1, 1897. These notes were signed by the said J. H. King and appellee A. P. Smart as sureties for the said J. J. King, and each bore interest from their respective dates at the rate of ten percent per annum.

Appellants demurred generally and specially and pleaded the general issue.

The case was tried by the court without a jury, and the court found that A. P. Smart, after the death of the said J. H. King, as his co-surety, paid off the said two notes allowed and probated as claims against said King's estate; that said Smart had paid said account for funeral expenses, and that said J. H. King, at the time of his death, was indebted to said Smart in the sum of $150 for one year's board charged in said account, but that said account for board and funeral expenses amounting to said sum of $248.50 was, at the time allowed by the administrator and approved by the County Court, barred by the statute of limitations, and did not constitute a legal claim against the said J. H. King's estate. The court further found that appellant Smart had been in possession of the premises involved in this suit, from the time appellee purchased same until said property was turned over to the administrator Fitzpatrick and that he received therefor the sum of $50 per year rent, and had not accounted to the other co-tenants for their pro rata share of the same; that the said two notes proven up against said J. H. King's estate, were not barred by limitation, but inasmuch as the said King was only a surety on said notes, his estate was only liable for one-half of the amount thereof; that the appellee Panther, Mrs. Peggie Smart and Mrs. Bettie Zarr were the owners each of an undivided one-third of the land and premises in controversy; that the same were incapable of division and partition in kind, and a necessity existed to sell said land and premises in order that a partition could be made.

Upon the court's findings judgment was rendered, rejecting and dis-affirming the administrator's sale of the property in controversy; the account of appellant for board of the deceased J. H. King, for funeral expenses, last sickness, etc., was rejected and disallowed; the two notes allowed by the administrator and approved by the County Court in whole, were allowed for only one-half of each of said notes against said estate. Judgment was also rendered against appellant Smart for all the rent collected by him for said property, less the amount paid by him for insurance and taxes; it was further adjudged and ordered that the property in controversy be sold as under execution and report thereof with the proceeds of such sale be made to the District Court; that the administrator first pay out of funds in his hands the expenses of the administration of said King's estate, and that the balance remaining be paid on the claim of appellant Smart, against said estate; that if, after this, any of said Smart's claim remained unpaid, the same should then be paid from the funds in the District Court belonging to said J. H. King's estate; that whatever sum of money remained from the sale of the property in controversy and the rents arising therefrom, in the hands of the administrator after payment of the expenses of administration, and the claim of Smart aforesaid, the same should be divided and par-

titioned among appellees Panther, Mrs. Bettie Zarr and Mrs. Peggie Smart, of one-third each; that execution issue in favor of appellee and Mrs. Bettie Zarr against appellant Smart for the respective amounts recovered as their pro rata share of rents collected by said Smart.

The court did not err in overruling appellants' demurrer to the effect, that appellee's petition objecting to the confirmation of the administrator's sale of the land in controversy, etc., on the ground that the claims for the payment of which said sale was made were at the time allowed and approved by the court barred by the statute of limitation, came too late. The proceeding instituted by appellee in the County Court was a direct and not a collateral attack upon the action of that court in approving and ordering said claims paid. It is clear that the purpose of the suit was, by a direct proceeding, to have set aside and annulled the judgment of the County Court approving and ordering said claims paid, on the ground that they were barred by limitation when allowed by the administrator, and for such reason to have said sale disaffirmed. (Buchanan v. Bilger, 64 Texas, 589; Crawford v. McDonald, 88 Texas, 630.) That such proceeding was instituted within a reasonable time there can be no doubt. The orders of the court approving said claims as legal charges against the estate of J. H. King, deceased, were entered respectively, November 7, 1901, and January 30, 1902, and the suit to set aside such orders was filed April 24, 1902. Appellee showed such an interest in the land involved, as entitled him to maintain such a proceeding and under the law as it now exists, the suit was properly commenced in the County Court. (Franks v. Chapman, 60 Texas, 46; Buchanan v. Bilger, supra.) Appellants' proposition that their exception to the petition should have been sustained because the facts, showing that said claim did not come within any of the exceptions that would prevent the bar of limitation, were not alleged, presents a question that does not arise on the exception urged and cannot be considered. The exception to the petition was that the allegations, "that the claims for the payment of which said sale was made, were and are barred by the statute of limitations, comes too late; that said objection, if tenable at all, should have been made before said order of sale to pay such claims was made." This exception practically admitted the sufficiency of the allegations of the petition, but denied that said petition was filed in time to authorize the maintenance of the suit. In the absence of a special exception attacking the sufficiency of the petition and contest on the ground that facts were not plead, showing that the running of the statute of limitation had not been suspended during its apparent operation, the general allegation that the claims were barred, was sufficient to admit the proof of such facts. But as the case will be reversed on other grounds it is proper to say, that we think it well-settled by the decisions of this State, that appellee's petition was obnoxious to such special exception and had the same been duly urged it would have been the duty of the District Court to have sustained it.

It is contended that the court erred in rendering judgment in favor of the appellee Panther for one-third of the property sued for because the evidence showed that J. J. King, whose interest appellee claimed, did not embrace so much of said land. This contention is predicated

upon the theory that the said J. J. King had received, before the death of his father, J. H. King, on his interest in his father's estate, property of the value of $800, and the other heirs, Mrs. Smart and Mrs. Zarr, had only received together, property of the value of $1,000, and therefore the interest of the said J. J. King in said estate was less than one-third. That one of several children who has received, before the death of the parent, by way of *an advancement* on his interest in the parent's estate, an amount greater than that so received by the other heirs, is not entitled to share equally with such other heirs upon a final division of the estate without accounting to them for such excess, may be conceded to be a correct proposition of law; but that is not the proposition presented by the evidence in this case. There is evidence to the effect that the said J. J. King had received before the death of his father and from him, a tract of land of the value of $800, and that his sisters, Mrs. Smart and Mrs. Zarr, had only received together property of the value of $1,000, but there is no evidence found in the record tending to show that said property was given to either of them as an advancement on his or her interest in said estate. If the property given was merely a gift and not an advancement on the interest he or she would inherit, upon the father's death, in his estate, then neither of them could be required, upon a final partition and distribution of said estate, to account for such property so received, but each would take share and share alike as though no such gifts had been made.

It is also contended that the District Court erred in holding that the account of appellant Smart, amounting to $248.50, for board of the deceased, funeral expenses, and the expenses of his last sickness, which had been allowed by the administrator and approved by the County Court, was barred by the statute of limitations. This contention, we think, must be sustained. Not because appellee's plea of the statute of limitation was insufficient to admit the proof, nor because such plea came too late, but because the evidence adduced was insufficient to show that said account was in fact barred. As before stated, it appears that the proceeding to set aside the allowance of appellant's claim against the estate of the said King, deceased, was instituted within a reasonable time and appellee's petition, in the absence of a special exception, sufficient to admit proof of the facts constituting the bar of the statute; but it is settled in this State that when a claim against an estate has been allowed by the administrator and approved by the County Court, such allowance and approval becomes a quasi judgment of said court and mere proof that such claim appears upon its face to have been barred by the statute of limitations, when so allowed and approved, is insufficient to authorize the court to set aside and annul such judgment. To warrant the setting aside of such judgment it must be shown that the facts or circumstances which would have taken the claim out of the operation of the statute of limitations at the time it was allowed, did not exist. The record does not disclose any evidence of such facts. The only proof offered was the claims themselves. This was not enough even in a direct proceeding. (Moore v. Hildebrant, 14 Texas, 312; Eccles v. Daniels, 16 Texas, 136; Heffner, Admr., v. Brander, 23 Texas, 631; Mosely, Admr., v. Gray, 23 Texas, 496; Howard v. Johnson, 69 Texas, 655.)

We are also of the opinion that the District Court erred in rendering judgment against the estate of the said J. H. King for only one-half of the notes which had been allowed and approved by the County Court. This was error, not because the proof and the law did not warrant such a judgment, but because the allegations of appellee's petition seeking to set aside the judgment of the County Court approving said claims, were wholly insufficient to admit the proof. It was not alleged that the deceased King and appellant Smart were only sureties upon said notes and that King's co-surety, Smart, had paid said notes as such. The right of appellee to have the allowance of said notes set aside was based solely upon the allegation that said notes were barred by the statute of limitation when allowed. Without proper allegations showing that said estate was only liable for one-half of said notes, proof thereof was inadmissible and being admitted furnished no basis for a judgment. It requires both allegations and proof to support a judgment. The absence of either is fatal to the judgment. We think, however, the court's legal conclusion under the evidence admitted, to the effect that the estate of J. H. King, deceased, was liable for only one-half of said notes was correct, and the error of the judgment rendered, in this respect is due to the absence of proper pleading to support it.

The District Court further erred in rendering judgment for appellee against appellant Smart for the proportion of the rent of the premises involved in this controversy, found to be due appellee and collected by the said Smart after the death of J. H. King and before administration was opened on said King's estate. It appears that a necessity for an administration upon the estate of J. H. King, deceased, existed when the same was granted, and that such necessity had not ceased to exist at the time of the trial of this case. Pending the administration, the administrator, Fitzpatrick, was and is entitled to such property belonging to said estate as is subject to the payment of debts; and it became and was his duty to collect by suit or otherwise the rents mentioned, as well as all other debts due the estate. The right to do so by any other person interested in said estate or the property subject to administration, does not exist so long as the estate is in course of administration. The liability of an administrator for a failure to faithfully discharge the duties incumbent upon him is involved in no doubt, and ample remedy is provided by law for those who may suffer by reason of such failure. We think appellee was not authorized to use for and recover of appellant, as was done, the rent claimed by him. Such rents as were received by appellant before the grant of administration upon the estate of the said J. H. King constituted assets of said estate and authority to sue for and collect the same resided in the administrator of said estate alone pending the administration.

Again, notwithstanding the District Court found that the estate of J. H. King was justly indebted to appellant Smart on claims which had been allowed and approved by the County Court in the sum of $165.87, and in effect, that it would probably require a part of the proceeds of the sale of the premises in controversy to pay the same, yet it adjudged that said property should be sold for the purposes of partition between appellee and the other heirs of the said King, with directions that such sale be made and the proceeds thereof returned to said District

Court, subject to its control. Said court also assumed practically to direct the further administration of said estate to the end that the same should be closed and distribution of such funds as remained after paying the expenses of administration and the debts, made between those entitled to receive the same. By the judgment of the court the administrator is directed to first pay out of the funds in his hands the expenses of the administration and then apply any balance remaining to the payment, pro tanto, of the said Smart's claim of $165.87. Said judgment further provides, that if any of Smart's claim remains unpaid, after the application of such funds to the payment thereof as the administrator may have for that purpose, the same shall be paid from the funds in the District Court derived from the sale of the property in controversy. Who is to make this latter payment on appellant's claim, if it should become necessary, does not appear. The administrator is given no control whatever of the funds to be derived from the sale of said property. Nor does the ·judgment provide that the clerk of the District Court shall make such payment. We think the judgment of the District Court in the foregoing particulars clearly wrong. That court having found that a valid debt against the estate of the said King remained unpaid, and that the property in controversy was subject to administration, a necessity for further administration ·became apparent. By the laws of this State the County Court is clothed with the general jurisdiction of a Probate Court and estates of deceased persons must be administered in and under the direction of that court.

And, again, it follows that, inasmuch as the pleadings and evidence were insufficient to authorize the setting aside of the allowance of the claims attacked, the judgment of the court disaffirming the sale of the land in controversy was error. But we deem it proper to say, that had appellee's pleadings and proof authorized the District Court's findings that appellant's said claim of $248.50 was barred by the statute of limitations when allowed and approved by the County Court, and that the estate of the said J. H. King was liable to appellant for only one-half of the amount of said notes, then and in that case, we think, a judgment disallowing said claim of $248.50, and allowing one-half of the claims evidenced by said notes against said estate and a disaffirmance of said sale, would have been proper, but that such judgment should have been certified to the County Court for observance. In such case we think a disaffirmance of the sale of the land would be warranted on the ground that, in view of other assets and the smallness of the indebtedness against said estate a necessity for such sale would not clearly appear and that the County Court, under such circumstances, would not, in the first instance, have ordered it. However, the sale of said property to pay the debts of said estate must be made to depend upon the proof showing a necessity therefor, and is not subject to partition until that question is definitely settled.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*