IDA JAPHET V. BETTIE PULLEN ET AL.

Decided November 30, 1910.

1.—Jurisdiction—Partition—Estate.

Of a suit by a devisee and legatee against an independent executrix and others for the recovery of property, both real and personal, alleged to belong

to the estate of the testator and withheld from the assets of the estate under a claim by the testatrix that it belonged to her and her co-defendants, the District Court would have jurisdiction to determine the title to said property and to decree a partition thereof, as well as other property of the estate, among the owners; this, against the contention that the County Court in which the will was probated had exclusive jurisdiction.

## 2.—Independent Executrix—Conversion—Liability.

As against a contention that an independent executrix who had appropriated the property and funds of the estate would be liable to the devisees and legatees only for the value of the property converted, and not for the specific property into which said property and funds had been converted, held, the liability of the testatrix, and its extent, must be determined, not by the principles of law applicable to a survivor of the community, but by those which govern such an executrix in the discharge of her duty. As to the interest of the devisees in the estate, she was a trustee and charged with the duties of a trustee in its management; the *cestuis que trust* could follow their funds and recover the specific property in which they had been invested.

## 3.—Same—Profits of Business.

An independent executrix cannot by "taking over" or appropriating a mercantile business belonging to the estate and offering to account to the legatees for the value of the business at that time, deprive them of their interest in the profits of the business thereafter accruing.

## 4.—Trustee and Cestui que Trust—Limitation.

Before the statute of limitation will run in favor of a trustee it is incumbent upon him to show not only that he had repudiated the trust, but that knowledge of such repudiation had been brought home to the *cestui que trust.*

## 5.—Independent Testatrix—Donation—Partition.

Where a surviving wife as independent executrix of the community estate undertakes to donate to a third party an interest in the community property, such donation, on partition of the estate, should be charged to the interest of the wife in the estate.

## 6.—Same—Allowance for Support.

Where it appeared that a surviving wife as independent executrix of her husband's community estate had, during the first year after her husband's death, withdrawn from the estate an amount of money amply sufficient for the support of herself and her minor children; and where it appeared also that both the wife and the children had separate estates sufficient for their support and maintenance, the court, on partition of the estate, properly refused to allow the widow any amount for a year's support.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*E. P. & Otis K. Hamblen,* for appellant.—The court erred in overruling the pleas and exceptions to the jurisdiction of the court, over said suit, because the petition on its face showed that the County Court of Harris County had exclusive jurisdiction of said cause, and that the District Court was without any jurisdiction over the subject-matter of said suit. Rev. Stats., arts. 1840, 2020, 2154 et seq.; Messner v. Giddings, 65 Texas, 310; Blackwell v. Blackwell, 86 Texas, 207; Moore v. Mertz, 85 S. W., 312; McCorkle v. McCorkle, 60 S. W., 434.

Where a survivor of the community has appropriated the funds or

personal property belonging to the community estate, they are liable to the children of said marriage for one-half of the value of said property so converted, after deducting all debts, expenses of administration, commissions and allowances, including the maintenance of the minors; and said children whether claiming as heirs or devisees should be compensated therefor by setting aside to them other community property when it could have been done. Paschal's Digest, arts. 4646 to 4653; Woodley v. Adams, 55 Texas, 533; Jennings v. Borton, 98 S. W., 445; Akin v. Jefferson, 65 Texas, 138; Leatherwood v. Arnold, 66 Texas, 416; Brown v. Elmendorf, 87 Texas, 60; Belcher v. Fox, 60 Texas, 527; Johnson v. Hogan, 37 Texas, 80; Logan v. Gay, 90 S. W., 861; Clements v. Maury, 110 S. W., 188; Cheek v. Herndon, 82 Texas, 151.

Where a person holding funds as a "quasi-trustee" mingles the same with his own and purchases other property with the funds so mixed that the funds so held as "quasi-trustee" can not be traced into any particular piece of property, the beneficiary is not entitled to the property so purchased, but his remedy is for the value of the funds so belonging to him, fixed as a lien charge upon the property so purchased. Underhill on Trusts and Trustees, p. 456; Miller v. Miller, 78 S. W., 1086; Pressley v. Robinson, 57 Texas, 459; Continental Bank v. Weems, 69 Texas, 499; Little v. Chadwick, 7 L. R. A., 571.

Mrs. Japhet was fully authorized to enter into a contract giving Dan A. Japhet an interest in said business in lieu of salary. Baker v. Hamblen, 85 S. W., 467; James, Administrator, v. Turner, 78 Texas, 241; Wren v. Harris, 78 Texas, 349; Murrell v. Wright, 78 Texas, 523; Jack v. Cassin, 9 Texas Civ. App., 230; William v. Howard, 10 Texas Civ. App., 527.

*B. F. Louis,* for minor appellees.—Where a suit embraces an action against an independent executrix for an accounting, and the recovery of the property, real and personal, alleged to be unlawfully withheld by such executrix, and also includes a third party not interested in the estate, and seeks recovery and partition as against said third person, the District Court has original jurisdiction of such action. Sec. 8, art. V, Constitution of 1876, as amended September 22, 1891; Rev. Stats., arts. 1099, 1841; Bente v. Sullivan, 115 S. W., 354; Fidelity & Deposit Co. v. Texas Land & Mortgage Co., 90 S. W., 201; Roy v. Whitaker, 50 S. W., 494; Fortune v. Killebrew, 70 Texas, 441; Cleveland v. Cleveland, 30 S. W., 825; Edwards v. Mounts, 61 Texas, 398; Milam v. Hill, 69 S. W., 449; Groesbeck v. Groesbeck, 14 S. W., 793; Fisher v. Wood, 65 Texas, 204; Smith v. Smith, 11 Texas, 107; Love v. Keowne, 58 Texas, 197; Hickman v. Stewart, 69 Texas, 259.

The probate court can not adjudicate that property was the separate property of the intestate, or make any adjudication as to the title. Arnold v. Hodge, 49 S. W., 716; Cox v. Cox, 77 Texas, 587; Wadsworth v. Chick, 55 Texas, 241.

Where there is a controversy as to whether certain property belongs to the estate or some individual, the probate court has no jurisdiction

to adjudicate such an issue.   White v. White, 32 S. W., 48; Phillips v. Phillips, 57 S. W., 60; Miers v. Betterton, 45 S. W., 431; Simkins' Admin. of Estates, pp. 13-19.

In this case, Mrs. Ida Japhet qualified as independent executrix under the will of Isadore Japhet, deceased, without bond, and did not qualify as survivor in community by giving the bond required under the present law as such survivor; and her liability is that of an executrix, and as such is governed by the rules applicable to like administration of estates.   Art. 2225, Rev. Stats.; Busby v. Davis, 57 Texas, 325; Brown v. Seaman, 65 Texas, 628; Wilson v. Fields, 50 S. W., 1025.

As independent executrix, Mrs. Ida Japhet could not purchase or acquire for herself, either directly or indirectly, the estate or any part thereof of I. Japhet, deceased; nor could she in any way divest the heirs and devisees of their interest in said estate, except through *bona fide* sale of the property to a third person.   Rev. Stats., art. 2137; Hamblin v. Warnecke, 31 Texas, 91; Rutherford v. Stamper, 60 Texas, 450; Fisher v. Wood, 65 Texas, 205; Neyland v. Bendy, 69 Texas, 712; Crescent Ins. Co. v. Camp, 71 Texas, 507; Wipff v. Heder, 26 S. W., 118; Bauman v. Chambers, 42 S. W., 566.

The proceeds derived from the sale of the original stock and property in the business at the time of I. Japhet's death, having been invested in other stock or property, and the proceeds from such other stock or property having been again reinvested in other stocks, or property, and so on, such stock or property so purchased with such trust property, becomes charged with a trust in favor of those entitled to the money, or proceeds used in the purchase thereof; and the evidence in this case being clear, and without contradiction, that the property on hand at the time of the trial of this case was the accumulation of the property on hand at the time of I. Japhet's death, and the proceeds derived from the reinvestment thereof, the court did not err in treating Mrs. Japhet as a creditor, simply to the extent of her separate moneys put into said business, and giving the parties originally interested in said properties, their proportionate interest in the increase thereof.   Parker v. Portis, 14 Texas, 169; Weir v. Smith, 62 Texas, 1; Cochran v. Sonnen, 26 S. W., 521.

*Meek & Highsmith* and *Hume, Robinson & Hume*, for appellees Pullen.

NEILL, ASSOCIATE JUSTICE.—Bettie Pullen, joined by her husband, brought this suit against Ida Japhet in her individual capacity, and as independent executrix of the will of Isadore Japhet, and as guardian of the estate of the testator's minor children, Dan A. Japhet and Japhet & Company, a corporation, to recover an alleged interest in the property of decedent's estate, which she alleged had been appropriated by the defendants and was claimed by them as their own property, and for a partition of the property, real and personal, of said estate.   Ernest, Hilda, Alfred and Emil Japhet, are the minor children of the deceased, Isadore Japhet, and who are among his heirs and devisees; but no

relief, save such as pertains and is appropriate to the partition of the property, was sought by plaintiff against them.

The nature of the case and issues involved will be better understood from a statement of the allegations of the pleadings of the several parties.

The plaintiff alleged that her father, Isadore Japhet, died December 24, 1895, leaving a will in which he appointed his wife, Ida Japhet, independent executrix without bond, and that she duly qualified as such under said testamentary appointment, and, after filing an inventory, appraisement and list of claims as such executrix, the matter of the estate was dropped from the probate docket, and she took possession in her own right as owner of an undivided one-half of the property, and as independent executrix, of all the property of the estate, it being community property of herself and deceased husband, and has continously since possessed, used, managed and controlled the same and all the earnings, rents and profits thereof, including all property of whatsoever form or kind accruing therefrom or acquired by investment or otherwise.

That the plaintiff and deceased's four minor children, above named, were the principal devisees and legatees of decedent's one-half community interest in said property; that a part of said community property was a wholesale liquor. business carried on in the city of Houston, and that, besides, there was a large landed estate consisting principally of lots and blocks in the city of Houston.

That the defendant, Ida Japhet, after she qualified as independent executrix, continued to carry on said liquor business until 1901, when she admitted her co-defendant, D. A. Japhet, as a partner in such business, giving him a one-third interest therein, and that in 1903 his interest was enlarged to an equal partnership in the business.

That said defendants withdrew large sums of money from the business during the time it was conducted by them as partners; that afterwards, on or about 1907, they incorporated said business under the corporate name of Japhet & Company, capitalizing the same at $250,000, divided into 2,500 shares of stock at $100 each, of which shares they each took one-half, and, as a corporation, continued to carry on said business until the date of filing plaintiff's original petition, each during said period withdrawing large sums of money therefrom.

The petition then describes the lands belonging to the estate, and sets forth in exhibit B, attached to and made a part of the petition, lands acquired by the executrix from the proceeds of assets and funds of the estate as well as earnings of the liquor business which she carried on before forming the partnership in such business with her co-defendant, the deeds to which lands were taken in her name; and certain lands described in exhibit C, which were acquired by proceeds taken out of the liquor business, the title to which was taken in the name of defendant D. A. Japhet; and certain lands described in exhibit D, which were also acquired with proceeds of the earnings of said busi-

ness, the title to which was taken in the names of defendants Ida and Dan A. Japhet, and also certain lands described in exhibit E, acquired in the same manner, and the title taken in the name of the corporation, Japhet & Company. The petition further alleged that all the lands described in said exhibits were purchased with money withdrawn by said defendants from the wholesale liquor business of the testator's estate which was carried on by them as aforestated, and that one-half interest therein is the property of plaintiff and defendant minors of Isadore Japhet.

The petition closes with a prayer for an accounting, and a partition of the property among the owners thereof.

B. F. Louis, Esq., was appointed guardian *ad litem* for the minor defendants, and in his answer practically adopted the allegations in plaintiff's petition.

The defendants, Ida Japhet, Dan A. Japhet and Japhet & Company, the corporation, each answered by a plea to the jurisdiction, in which they alleged that plaintiff's petition showed that the will of Isadore Japhet was probated in the County Court of Harris County, and that Ida Japhet was appointed executrix, and the County Court of said county had exclusive jurisdiction of the suit for partition. They also presented the question of jurisdiction by special exceptions to plaintiff's petition.

Subject to such plea and exceptions, Ida Japhet filed a general demurrer to the petition; specially demurred to so much of the petition · as sought to recover profits other than interest on the amount alleged to have been received by her from the sale of merchandise and other personal property, and to that part which sought to trace the funds received by her into real estate and recover such property by reason of such investments of such funds therein, on the ground that she owned an undivided one-half interest in said stock of goods and had the right to dispose of the same, and that plaintiff would only be entitled to her share of the estate after payment of the indebtedness thereof and costs and expenses incurred. She answered by a general denial; and, then pleaded that her deceased husband left a large estate, consisting principally of lands in Harris County, and town lots and blocks in the city of Houston, a stock of merchandise consisting of liquors, cigars, etc., of the value of $40,000, and also $341.26 cash, $790 in vendor's lien notes, an insurance policy of $5,000, and accounts and claims due the estate amounting to $39,000, of which she collected $33,454.70. That the estate owed $39,786.65 of mercantile indebtedness, besides general expenses and expenses of deceased's last sickness, and also some other debts. That in order to keep from sacrificing real estate, she carried on said business, and put $3000 of her separate money in the same, and also all of the commissions, allowances and compensations for her services that she was entitled to, only withdrawing such amounts as were absolutely necessary for the support and maintenance of his family. That she had five minor children, being those named in this suit, including plaintiff; that her husband left a minor child by a former

wife, and also a niece who was a constituent of the family, whom he requested her to always permit to remain as a part of the family, which she has done and has cared for her as one of its members; that she clothed and educated all of said children, including plaintiff; that she gave constant attention to the mercantile business, which was complicated and gave her considerable trouble and anxiety; that she managed the same individually and paid off all said indebtedness, and practically had on hand all the real estate left by her husband, having sold only a few pieces of small value, which was to the interest of the estate to sell. That all of said indebtedness had been paid off by the latter part of 1899, and the stock of goods which was on hand at the time she took charge of the business had been sold, and all claims in favor of the estate that could be had been collected; that then she took over the entire mercantile business in her own right and conducted the same until January 1, 1901; that her husband, by express terms in his will, enjoined upon Dan A. Japhet, his son by a former wife, to render all the assistance he could in the management of his estate; that Dan had been employed in said business by his father many years prior to the latter's death, and that his father enjoined upon her as his executrix to liberally compensate Dan for the assistance he might render her in the management of his estate. That soon after the death of her husband, she and Dan entered into an agreement to the effect that the latter would assume the active management of said liquor business and give the same his entire attention upon a small salary until all the indebtedness had been fully paid off and the estate placed upon a good safe basis, and that when this was done she would give him an interest in the business; and that, in accordance with what she believed to be the desire of her husband, on January 1, 1901, she gave him a one-third interest in said liquor business, and on January 1, 1903, she enlarged his interest to one-half; that his services had been very valuable to the estate and were reasonably worth the interest which she had given him. That plaintiff, Bettie Pullen, had full knowledge of the facts that this defendant had given such interest to Dan, and that she had taken over the business in her own name and was running the same as her own, adverse to her, in which plaintiff acquiesced and interposed no objection thereto.

That plaintiff married in 1901, up to which time she had lived with defendant, had been maintained and educated by her, and had never sought a partition of the estate nor desired it. That she had advanced plaintiff $4,800, and had always been ready and willing to partition the estate, but that the interest of deceased's children and devisees in his estate would be an undivided one-half of the land at the time of their father's death, and their proportionate interest in the value of the wholesale liquor business and other personal property on said date, after deducting the debts against the estate, expenses of administration, commissions, allowances, etc.

She alleged that her services in managing and carrying on the

wholesale liquor business were reasonably worth $250 per month, which she asked to be allowed her.

Her answer contains allegations accounting for all money received by her accruing from the personal property, also for all community land, including that taken back on vendor's lien notes due the estate at the time of her husband's death, describing the same, and submitting it to the court for partition. She pleaded the statute of limitation of two and four years against plaintiff as to all personal property, including the mercantile business and any claim made by plaintiff for the profits arising therefrom, and all money withdrawn therefrom and invested in other property.

The answer of the defendant Dan A. Japhet contained similar pleas and exceptions to the jurisdiction of the court to those in his co-defendant's answer. It also alleged the agreement between him and Mrs. Japhet by which she, in consideration of his services, was to give him an interest in the wholesale liquor business, in pursuance of which she conveyed him a half interest therein, and that the services he rendered were reasonably worth such interest. The corporation, Japhet & Company, filed a similar answer.

The defendants, Ida and Dan Japhet, by a supplemental answer, renewed their pleas and demurrers to the jurisdiction; and excepted to claims set forth in exhibits C, D, and E, containing a description of the lands acquired by them and the corporation after Mrs. Japhet qualified as executrix, upon the ground that there was not sufficient allegations tracing the funds with which the lands were purchased.

In replication to the plea of limitation, the plaintiff and defendants, other than Ida and Dan A. Japhet, the corporation, and Ernest Japhet, of whom the latter failed to answer, pleaded that the property acquired from the earnings of the liquor business was held, to the extent of their interest therein, in trust for them by Ida Japhet; and the minor defendants also pleaded infancy.

The pleas and exceptions to the jurisdiction, as well as all the demurrers and exceptions, were overruled. The case was then tried without a jury, and the court, upon conclusions of fact and of law found by it, rendered judgment that the plaintiff recover of Ida Japhet $6,589.19; that the three minors and Ernest Japhet each recover of her $11,398.10; and that plaintiff, the three minors and Ernest Japhet each recover 250 shares of the capital stock of Japhet & Company, constituting the entire stock owned by their mother, Ida Japhet, in said corporation, the market value of each of such shares being adjudged to be $104 per share; awarded and decreed to Dan A. Japhet the other half of the shares of the capital stock of the corporation; decreed a partition between Mrs. Japhet and her five children, including plaintiff, of the community land owned by her and her husband, including such land as she had acquired in payment of indebtedness due the estate; and also awarded to plaintiff, Ernest Japhet and the minor defendants, an undivided one-half of the property acquired after the qualification of Mrs. Japhet as executrix of the estate with money which was withdrawn

from the mercantile business, which was set forth and described in exhibits C, D, and E, attached and made a part of plaintiff's petition, and decreed a partition thereof between them and the owner of the remaining half, who was adjudged to be the defendant Dan A. Japhet, he having been found to be the owner of one-half interest in the liquor business from the time the so-called equal partnership was formed until the business was taken over by the corporation in which he owned one-half of the shares of its capital stock, from the earnings of which the property was acquired. Except as to the homestead and other exemptions, a lien was decreed in favor of the plaintiff, Ernest, Hilda, Alfred and Emil upon the community half of defendant Ida Japhet to secure the several sums of money adjudged in favor of each against said defendant.

The decree in the case is, from the very nature of the case, necessarily of great prolixity; but we believe we have stated enough of its substance to disclose the nature of the questions raised on this appeal. But it must not be understood that the statement here given changes, modifies or in any way affects the decree rendered by the District Court.

The defendant, Ida Japhet, has alone appealed.

*Conclusions of fact.*—The trial judge's findings of fact are very extended, covering nearly fifty typewritten pages of the record, and show a thorough acquaintance with and clear analysis of the evidence. While we adopt such findings as our own, we deem it unnecessary to set them out *in extenso*. It is sufficient to say that they embrace every material allegation in plaintiff's petition and demonstrate that all are proved by the undisputed evidence and by the admissions of defendants, and furnish a full and complete predicate for every part of the decree appealed from.

*Conclusions of law.*—It is claimed by the first assignment that the court erred in overruling defendant's pleas and exceptions to the jurisdiction of the court, for the reason that plaintiff's petition shows upon its face that the County Court of Harris County had exclusive jurisdiction of the case. We overrule the assignment because, the suit being against an independent executrix for the recovery of property, both real and personal, alleged to be of the estate of her testator and withheld from the assets of the estate under the claim that it belonged to her and her co-defendants, it was within the jurisdiction of the District Court to determine in whom the equitable title to such property was, and to decree a partition thereof, as well as the other property of the estate, among the owners. Art. V, sec. 8, Const.; arts. 1099 and 1841, Rev. Stats. of 1895; Benti v. Sullivan, 52 Texas Civ. App., 454 (115 S. W., 354); Wiseman v. Swain, 114 S. W., 148 (though a writ of error was granted in the last named case, the disposition made of it shows that the District Court had jurisdiction. 103 Texas, 286, 124 S. W., 621); Fidelity & Deposit Co. v. Texas Land & Mortg. Co., 40 Texas Civ. App., 489 (90 S. W., 197); Arnold v. Hodge, 20 Texas Civ. App., 211 (49 S. W., 716); Cox v. Cox, 77 Texas, 589; Wadsworth v. Chick, 55 Texas, 241; White v. White, 11 Texas Civ. App., 113 (32 S. W., 48);

Phillips v. Phillips, 23 Texas Civ. App., 532 (57 S. W., 60); Miers v. Betterton, 18 Texas Civ. App., 430 (45 S. W., 430).

The substance of the second assignment is that it was error to render judgment in favor of plaintiff, Ernest Japhet and three minor defendants for 250 shares each in the capital stock of Japhet & Company, and for an interest in the funds, stock and lands acquired by Mrs. Japhet after her husband's death. The contention under this assignment is that if the executrix appropriated the property or funds of the estate she is only liable to the devisees for the value of so much of their property converted as may exceed the indebtedness of the estate, expenses of administration, and of their support and maintenance chargeable to their interest in the estate.

It will be noted that the appellant was not administering or managing the estate as the survivor of the community, but as independent executrix under her husband's will; and that therefore her liability and its extent must be determined, not by the principles of law applicable to one who qualifies as the survivor of the community, but by those which govern such an executrix in the discharge of her duty. As to the interest of the devisees in the estate, she was a trustee, held it as a trustee, and was charged with the duties of a trustee in its management. She might do as she pleased with her community interest, but not so with the interest of the devisees. As to that, she was bound to discharge her duty as a trustee and could not, without resigning the trust, escape liability for failing to do so.

The money, property and shares of stock, for which judgment in favor of appellees was rendered, were acquired by appellant as executrix under the will from the proceeds of the liquor business which came into her possession, to the extent of one-half, as the property of her testator, and was the property of the appellees as legatees under the will, which, together with the other property devised them, was charged with one-half of the debts against the estate and expenses of its administration. With such charges and expenses the trial court credited appellant, making her a very liberal allowance as to the expenses. The appellee's interest in the earnings of the business could no more be divested by appellant's claim that she and her co-defendant had "taken it over" to themselves than could their interest in any other property of the estate by such a claim. There can be no such magic in the term "taking over" as will vest the title or ownership of another's property in him who "takes it over" to himself without the owner's consent. The proceeds of the business and the property thereof having been invested in lands and shares of stock of a corporation, the title to which was taken in the name of the appellant, she was charged as a trustee of the appellees to the extent of their part of the fund invested in said property, and they were entitled to recover such interest and have the title to that extent divested out of the appellant and vested in them. Or they might, if they had so elected, have recovered, to the extent of their interest in the fund, the money so invested, if such investment was unauthorized.

The property purchased with funds belonging to appellees is identified beyond question, and such funds are clearly traced in said property. This disposes of the third assignment.

The appellant was allowed full credit for the entire amount she put in the liquor business after her husband's death, which, on that score, was all she was entitled to. As no judgment was rendered against Dan Japhet, and as he has not appealed, the fact that he may have placed money in the business, can not avail the appellant.

The appellant's plea of limitation was not sustained. As she held the property in trust, it was incumbent upon her, not only to show that she had repudiated the trust, but that knowledge of such repudiation was brought home to the plaintiff within the time necessary for the statute to bar plaintiff's action. This she failed to do. The remaining appellees being minors, the statute never ran against any of them until he or she became of age, and none reached such age in time to bar his action, even if knowledge of defendants' adverse claim to the property had been brought home to him or her in time.

As Mrs. Japhet could not give away the interest of appellees in property bequeathed them by her testator, the interest in the business which she donated to Dan could, as was properly held by the trial court, only be taken from her half interest in order to make the gift effective. During the time he acted as an employee in managing the business he received ample compensation for his services, which was allowed the appellant by the court and credited on her account against the estate.

The court did not err in refusing to allow the appellant a credit of $1000 as an allowance for the support of herself and minor children. The evidence shows, according to appellant's own statement, that during the first year after the testator's death she was permitted to withdraw $4,793.42 from the estate. Besides, it appears that she had ample property of her separate estate for her own support and maintenance, as likewise had her children, and that, therefore, there was no necessity for such an allowance. The estate belonged to her and her children to the extent of one-half each, and to have allowed them any sum for support and maintenance from the estate would not have affected the account between them; for, in that event, one-half of the allowance would be for her benefit and one-half for the benefit of the children, which would have been taken out of the property of the respective parties in proportion to their interest in it, each contributing in the same proportion—that is, the appellant would have contributed one-half and the appellees the other half.

The extra compensation of $2000 allowed appellant by the court for her supervision of the estate, was ample. The court concluded that her supervision was purely nominal. The sum stated was allowed, in addition to one-half of the commissions prescribed by law for collections and disbursements, which were allowed by the court. Under this state of facts, if any one has the right to complain of the extra allowance of $2000, it is not the appellant.

We have carefully considered all the assignments of error and believing none is well taken, the judgment of the District Court is affirmed.

                                                                    *Affirmed.*

Writ of·error refused.