MORRELL et al. v. HAMLETT. (No. 863.)

Court of Civil Appeals of Texas. Waco. Dec. 19, 1929.

Rehearing Denied Feb. 6, 1930.

532

died January 12, 1922. His will was duly probated, and appellants, who were named as independent executors therein, duly qualified as such on October 10, 1922. An inventory and appraisement of the testator's estate was returned by appellants, but such inventory is not found in the statement of facts. The estate consisted of both real and personal property. One item thereof was an interest in the assets of the Bank of Milford. Said bank seems to have been owned by the testator and appellant J. K. McDaniel as copartners. The assets and liabilities of said bank were not shown, but there was testimony tending to show that much of the indebtedness due to it had, by reason of deflation and depreciation in values, become uncollectible. The statement of facts does show affirmatively that the debts owed by said estate, and especially by said bank, for which the testator's estate was liable, were very large. Under the provisions of said will, certain legacies were bequeathed and specific tracts of land devised to various parties. Appellant J. K. McDaniel was made residuary legatee and devisee of all the remainder of said estate after specific legacies and devises were satisfied. Appellants were directed by the terms of said will to pay all the debts of the testator, and authorized thereby to appropriate all moneys on hand to such purpose, and if such moneys proved insufficient, to sell such property belonging to the estate as they considered advisable and to apply the proceeds of such sales to the extinguishment of such indebtedness. By the terms of said will a specific tract of land consisting of 500 acres was devised to appellee, his four brothers, and a sister. Appellants, immediately after their qualification as executors, took possession of said estate, including the land so devised to appellee and his sister and brothers, rented the same, and collected the rents therefrom annually. They also paid the taxes assessed against the same. They held possession of said land until September 21, 1926, at which time they surrendered possession thereof to said devisees. Appellants, at the time they delivered possession of said land to the devisees thereof, apportioned and paid to each of them a sum of money as their proportionate part, respectively, of the money on hand at that time. In that connection, they submitted a statement of the cash received and expended by them, in which statement the rents sued for herein were included and shown to have been applied, except as to the amounts so paid said devisees, to the discharge of the debts and expenses of administration. Shortly thereafter appellant Morrell, in a letter to appellee dated December 4, 1926, stated that they had administered the estate under the most trying conditions that ever existed in this country within his knowledge; that the

Wear, Stollenwerck & Wear, of Hillsboro, for appellants.

Baker, Botts, Parker & Garwood, of Houston, and J. L. Gammon, of Waxahachie (Rodman S. Cosby, of Houston, of counsel), for appellee.

GALLAGHER, C. J. This is an appeal by Ralph E. Morrell and J. K. McDaniel, hereinafter called appellants, from a moneyed judgment rendered against them as individuals and also as executors of the estate of W. R. McDaniel, deceased, in favor of R. B. Hamlett, appellee herein. W. R. McDaniel

debts of the estate were very large and money was hard to get; that deflation had spread over the country and depreciated the value of real estate and wiped out a great deal of the indebtedness due the estate, particularly indebtedness due the bank of Milford; that after four years of hard work and uncounted worry, the executors had completed their administration, and turned over said land to him and his codevisees clear of debt and with the right on their part to collect the income therefrom for the year 1926. He further stated therein that the executors had acted all the way and were then acting under legal advice, and that they did not owe to appellee and his codevisees any further statement and that he need not call upon them for such.

Four of appellee's codevisees assigned to him their respective claims and demands against appellants for and on account of the rents collected by them on said lands during the time they held possession thereof. Appellee thereafter, on April 5, 1927, instituted this suit against appellants, individually and as independent executors and trustees of said estate, to recover said rents. One of said devisees did not assign his claim to appellee and is not a party to this suit. No complaint is made of the failure of appellee to make him a party hereto.

Appellants in their answer alleged that after qualifying as executors, they took possession of the lands constituting said devise; that they collected rents thereon annually during each of the years from 1922 to 1925, inclusive, amounting in the aggregate to $14,869.59; that the rents so collected were appropriated by them annually as collected; and that a recovery thereof was barred by the two years' statute of limitation. They further alleged that such rents were appropriated by them for the purpose of paying expenses incident to the administration of said estate.

The agreed statement of facts shows that shortly after the probate of the will, appellee, for himself and in behalf of his codevisees, made demand upon appellants for the possession of said tract of land; that such demand was repeated from time to time until possession was in fact surrendered by appellants as hereinbefore stated; that such demands were continuously refused on the ground that appellants could not safely comply therewith because certain parties had threatened to contest the probate of said will; that they had been told by their legal adviser that on account of such threat they could not properly deliver possession of said lands to said devisees until after the lapse of four years from the probate of said will. The testimony further shows that appellants claimed they could not properly surrender possession of said land to the devisees thereof until all the debts of the estate were fully paid. During all the time appellants held possession of said land, they purported to be holding the same in their capacity as independent executors of said estate. The parties, in order to avoid the necessity of appointing an auditor and for the purpose of facilitating the trial of the case, agreed "that at all times since the executors took possession and control of the real estate involved in this litigation, the estate of W. R. McDaniel, deceased, other than the special legacies named in his last will and testament, was sufficient to satisfy the debts of the estate * * * without resorting to either the special legacies or the revenue derived from them collected while in the hands of the executors."

There was a trial before the court and judgment in favor of appellee against appellants for the sum of $11,791.33, with interest thereon from the date of the judgment at the rate of six per cent. per annum. Appellants do not question the amount of such judgment, except so far as the same may be affected by the issue of limitation. Appellants requested the court to prepare and file findings of fact and conclusions of law, which request was complied with. Appellants thereupon filed assignments of error and supersedeas bond for appeal.

## Opinion.

Appellants submit as ground for reversal 32 separate propositions. Only one major contention is presented thereby. Such contention is that appellee's cause of action, or at least so much thereof as is based on rents collected by appellants during the years 1922 to 1924, inclusive, is barred by the statute of limitation of two years. Such contention is based on further contentions subsidiary thereto that appellants as executors of said estate had no authority, either by the terms of the will or by the provisions of law, to take possession of the lands embraced in said specific devise, especially in view of the agreement of the parties with reference to the solvency of said estate, exclusive of said special devise and all other special devises in the will of the testator and the income arising from the same; that in any event, all rents accruing from said special devise constituted no part of the estate of the testator but belonged absolutely to the devisees; that appellants therefore had no right as executors to take charge of or collect the same, irrespective of whether it was necessary to subject said land or any part thereof to the payment of the debts of the testator; and in effect, though not in words, that in taking and holding possession of said lands and collecting and appropriating such rents, appellants acted as individual trespassers without lawful authority or excuse; that therefore limitation began to run against any claim to such rents on the part of appellee and his assignors from the date of each collection thereof made by them; and that such claims became ef-

fectually barred at the expiration of two years from each respective collection. All such contentions will be considered together. The facts have been fully stated.

■ Administrations upon the estates of deceased persons, whether under letters testamentary or otherwise, are controlled and regulated by the provisions of our statutes on that subject. Such provisions are very comprehensive. The rights of creditors, heirs, and devisees as declared therein and the procedure prescribed for the enforcement of such rights are materially different from the rights declared and the procedure prescribed for the enforcement thereof by the common law. Thompson v. Duncan, 1 Tex. 485, 488, 489. Article 3314 of our Revised Statutes provides, in substance, that when a person dies leaving a lawful will, all his estate devised or bequeathed thereby shall vest immediately in the devisees or legatees, subject, however, to the payment of the debts of the testator, except such as may be exempted by law; and that upon the issuance of letters testamentary upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator with the exception aforesaid, and that he shall recover possession of and hold such estate in trust, to be disposed of in accordance with law. No distinction is made in such article between solvent and insolvent estates, or between specific and residuary devises. Appellants, in taking possession of the entire estate of the testator, rightfully exercised the authority specifically conferred upon them by the terms of said article. Becknal v. Becknal (Tex. Civ. App.) 296 S. W. 917, 919, par. 7; Roberts v. Stuart, 80 Tex. 379, 387, 15 S. W. 1108; Laas v. Seidel, 28 Tex. Civ. App. 140, 66 S. W. 871, 872–873, 68 S. W. 724; Id., 95 Tex. 442, 67 S. W. 1015–1018; Ansley v. Baker, 14 Tex. 607, 613, 65 Am. Dec. 136; Anderson v. Stewart, 15 Tex. 285, 288; Howard v. Republic, 2 Tex. 311, 313. According to the undisputed testimony, they purported to be so acting at the time and continuously thereafter until they finally surrendered possession of said land. The nature of their possession taken in pursuance of the authority conferred by said article is defined by the terms thereof and declared to be in trust, to be disposed of in accordance with law. The fiduciary character of an executor's holding is generally recognized. Japhet v. Pullen, 63 Tex. Civ. App. 157, 133 S. W. 441, 445, par. 4 (writ refused); 24 C. J. p. 944, § 2336. While the title to said lands vested in appellee and his codevisees, the same was still subject to the payment of the debts of the testator. Such debts constituted a lien upon all the property of the estate subject to the payment thereof. While no creditor had a lien for his debt upon any particular piece of property belonging to said estate, it was none the less true that all lawful debts of such estate constituted a lien upon all the property thereof until distributed, and it was the duty of the executors to provide for the satisfaction thereof out of the same. Moore v. Moore, 89 Tex. 29, 33, 33 S. W. 217; Gibson v. Oppenheimer (Tex. Civ. App.) 154 S. W. 694, 699, pars. 9 and 10; Albert v. Bascom (D. C.) 245 F. 149, 153, par. 7.

■ Appellant Morrell, in his letter of December 4, 1926, correctly termed their custody and control of the estate an administration. Notwithstanding they were "independent," their management, control, and settlement of said estate was in contemplation of law an administration. Roy v. Whitaker, 92 Tex. 346, 355, 48 S. W. 892, 49 S. W. 367. As such executors they were required in the management and settlement of such estate to conform to the provisions of the probate law as far as applicable. R. S. art. 3449; Alexander v. Berkman (Tex. Civ. App.) 3 S.W.(2d) 864, 870, par. 4. Executors are specially authorized by our probate statutes to rent any of the real estate in their hands when they deem such action to be for the best interest of the estate. For any dereliction of duty in that connection they are expressly made liable to the estate for the loss or damage resulting therefrom. R. S. art. 3545 et seq.; Oglesby v. Forman, 77 Tex. 647, 650, 14 S. W. 244. Since the legal effect of the provisions of our probate statutes is to sequestrate the entire estate of the testator by placing the same in the hands of an executor or administrator to hold in trust for the creditors as well as the heirs and devisees, it necessarily follows that the rents arising during such possession are also held in the same capacity and upon the same trust. See, in this connection, Smart v. Panther, 42 Tex. Civ. App. 262, 95 S. W. 679, 683.

■■ Nor is the situation materially affected by the terms of the solvency agreement made at the time of the trial, the salient parts of which agreement have been hereinbefore set out. Such agreement necessarily speaks in the light of the facts ascertained and the results accomplished by the executors after what one of them termed "four years of hard work and uncounted worry." The law does not charge executors at the time they qualify and take possession of an estate with knowledge of the amount of indebtedness owed by the testator at the time of his death. Neither does it charge them with foreknowledge of the amount that will be ultimately realized by sale of the property of the estate, or any part thereof. On the contrary, the law authorizes executors to take possession of the entire estate and to recover possession thereof when unlawfully withheld. There is nothing in said agreement to render it effective to change the character of appellants' holding of the property of said estate, including the special legacy under consideration, or of the rents and revenues arising therefrom re-

ceived by appellants during their possession. Since appellants held the rents collected as well as the lands out of which they arose in their fiduciary capacity, limitation did not begin to run in their favor until they repudiated the trust character of their holding and knowledge of such repudiation was brought home to appellee. Japhet v. Pullen, 63 Tex. Civ. App. 157, 133 S. W. 441, 445, 446 (writ refused); Arrington v. McDaniel (Tex. Com. App.) 14 S.W.(2d) 1009, 1012, par. 11; McKinney v. Nunn, 82 Tex. 44, 50, 17 S. W. 516; R. S. art. 3327. There is no contention that there was any such repudiation or such notice prior to appellant Morrell's letter of December 4, 1926, and this suit was instituted within a few months thereafter. We have examined and considered all the authorities cited by appellants in support of their contentions. The issue involved in the case of Russel v. Adams (Tex. Com. App.) 299 S. W. 889, 892–894; Id. (Civ. App.) 293 S. W. 264, 270, was whether a special devise of land and the rents arising therefrom while in the possession of the executor were charged with indebtedness owed by the devisee to the testator at the time of his death. It was held that neither were so charged. No such issue is here involved. Appellants, contrary to their contention at the time they surrendered possession of said lands, now concede that appellee and his co-devisees, as owners of the lands from which such rents were collected, were (and are still unless barred by the statute of limitation from asserting their claim) entitled to such rents; it having been demonstrated that the same were not necessary to the discharge of the indebtedness owed by said estate. Appellants cite in support of their contentions a number of cases from other jurisdictions, where the common law, or some statutory modification thereof different from our own, was in force at the time. So far as the rules announced in such cases or. in common-law text-books are contrary to the provisions of our statutes and the procedure thereunder approved by our courts, as above indicated, they are, of course, inapplicable here.

The judgment of the trial court is affirmed.