The suit was brought by appellees to enjoin Clevenger "from cutting any of the timber upon a certain tract of 521 acres, from removing any timber therefrom, from further coming upon said tract, from interfering with appellees in any manner in clearing a way for their trains over said land or constructing their roadbed and in building said trains and completing and operating said trains when built. The suit was based upon an agreed decree of title in the district court of Nacogdoches county in favor of plaintiffs Mayfield and Messec, entered in October, 1903, against Clevenger and certain other persons, who figured as plaintiffs in the proceeding in which such decree was rendered. This decree, an exhibit to the petition, is bere copied: "J. De la Cerda et al. vs. J. P. Clevenger et al. No. 7,954. `It is agreed that judgment be rendered in this cause as follows: In favor of the plaintiffs J. E. Mayfield and D. G. Messec for the following tract of land against all other plaintiffs in this cause and against the defendant J. P. Clevenger, John T. Garrison, and S. W. Blount and J. T. Brown, adjudicating out of said defendants Clevenger, Garrison, Brown, and Blount the possession of and all title the said defendants now have in and to said lands of any sort, kind, or character, however the same may have been acquired, or from whatever source it may have originated, containing about seven hundred and seventeen acres, and being the northern part of block No. 4, of the N. De la Cerda grant in Nacogdoches county, Texas, as the same was set aside in a partition of said grant in the district court of Nacogdoches county, Texas, in 1867, bounded thus: Beginning at the N. E. corner of a 639-acre tract on said block hereinafter mentioned; thence west to the west boundary line of said block No. 4; north to S. W. corner of 200 acres claimed by Crossland; thence east to the S. boundary line of said 200 acres claimed by Crossland to its S. E. corner; thence north with the east line of said 200 acres to the N. B. line of said block No. 4 to its N. E. corner; thence south with E. line of block No. 4 to the beginning. In favor of J. P. Clevenger, John T. Garrison, and S. W. Blount, and against all plaintiffs and the defendant J. T. Brown, the title and possession of the following 639 acres of land, adjudicating out of said J. E. Mayfield and D. G. Messec the possession and all the title they now have in and to said land of any sort or kind or character, however the same may have originated or been acquired, said 639 acres of land bounded thus: Beginning on the S. E. corner of block No. 4; thence north with east line; thence west parallel to S. E. line of block No. 4 to west line of block No. 4; thence south with west line to S. W. corner of block No. 4; thence east with south line of said block No. 4 to the beginning, so as to include 639 acres of land. And said suit is no further prosecuted as to said 200 acres claimed by Crossland, and this judgment is without prejudice to any person's rights therein. And it is further agreed that each party pay the costs respectively incurred herein, and each party may have their writ of possession for the *Page 1063 
lands adjudicated herein. [Signed] Geo. F. Ingraham, Attorney for Plaintiffs. Blount and Garrison, Attorneys for Defendants.' It is therefore considered by the court, and it is so ordered, adjudged, and decreed: That the plaintiffs J. E. Mayfield and D. G. Messec do have and recover of and from the plaintiffs V. Clark, T. Clark, S. Rachal, T. Rachal, G. Rachal, M. A. Rassine, M. Purcy, R. Lamarque, L. Lamarque, E. Lattier, C. Lattier, H. Hass, L. Hass, N. Porcella, C. Robinson, H. Robinson, N. Porsella, L. Bishop, H. E. Bishop, T. McGlothan, H. McGlothan, L. McGlothan, L. Esmec, P. Ezmeck, J. De la Cerda, A. Rachal, E. Rachal, C. Vallery, C. Vercher, L. Vercher, V. Carnahan, E. De la Cerda, J. De la Cerda, L. Thomasee, W. Thomasee, E. De la Cerda, H. Hermandees, D. Valery, A. Carnahan, and of the defendants John T. Garrison, S. W. Blount, J. T. Brown, and J. P. Clevenger, the title to and the possession of the following tract of land, containing 717 acres, and being the northern portion of block No. 4, of the N. De la Cerda grant in Nacogdoches county. Texas, as the same was set aside in a partition of said grant of land in the district court of Nacogdoches county, Texas, in 1867, bounded thus: Beginning at the N. E. corner of a 638-acre tract of said block No. 4, hereinafter mentioned; thence west to the west boundary line of said block No. 4; thence N. to the S. W. corner of a 200 acres claimed by Crossland; thence east S. by line of said 200 acres claimed by Crossland to its S. E. corner; thence north with east line of said 200 acres to the N. B. of said block No. 4; thence east with north boundary line of block No. 4 to its N. E. corner; thence with east boundary line of said block No. 4 to the beginning; and vesting in said Mayfield and Messec all title and claims of the defendants Garrison, Blount, Brown, and Clevenger of every kind, sort, or character, and however the same may have originated or been obtained, in the said 717 acres of land, and the said J. E. Mayfield and D. G. Messec may have their writ of possession for said 717 acres of land against all of aforesaid plaintiffs and defendants. It is further considered by the court, and it is so ordered, adjudged, and decreed, that the defendants Jno. T. Garrison, S. W. Blount, and J. P. Clevenger do have and recover of and from the defendant J. T. Brown, and all of the plaintiffs heretofore named in this judgment the title to and the possession of the following tract on said block No. 4, mentioned: Beginning at the S. E. corner of said block No. 4; thence north with its east boundary line and thence west parallel with its south boundary line with south line of the 717 acres hereinbefore described to the west B. line of said block No. 4; thence south with the west line of said block No. 4 to its S. W. corner; thence east with the S. boundary line of block No. 4 to the place of beginning, so as to contain 639 acres of land; and vesting in the said John T. Garrison, S. W. Blount, and J. P. Clevenger all titles and claims of the plaintiffs J. E. Mayfield add D. G. Messec of every kind, sort, and character, and however the same may have been attained or originated in the said 639 acres of land; and the said Garrison, Blount, and Clevenger may have their writ of possession for said 639 acres of land against the defendant J. T. Brown and all the plaintiffs named herein. It is further ordered that this suit be, and is hereby, discontinued as to the 200 acres of land claimed by Crossland, without prejudice to any person's rights therein. And it is further ordered that the parties to this suit, the plaintiffs and defendants, each pay the costs by them respectively incurred herein, for which execution may issue in favor of the officers of the court."
Clevenger made a motion to dissolve, and filed a cross-bill, alleging substantially as follows: Admitting the existence of the Judgment, but that appellees were not then the owners, "nor have they since become the owners of the land in controversy, but that other persons were the owners of said land, who were not bound by the recitals in said Judgment; and that appellant since the rendition of said judgment had bought said land from its true owners, paying therefor a valuable consideration, and receiving valid deeds with covenants of general warranty, and that he had entered upon said land under said deeds, claiming to be the owner thereof; and alleging that at the time said agreement was executed the appellees Mayfield and Messec, for themselves and as the agents of certain persons (their coplaintiffs), claimed all of block No. 4 except two hundred acres and that the appellant also claimed all of said block, and that said agreement had for its purpose the compromising of said differences and the adjusting of said claims with reference to said block 4, as It existed on the 19th day of May, 1903, when said agreement was made upon which said judgment was founded, and that It was agreed by the terms of said agreement that each party was to quitclaim to the other tracts of land described in said agreement, and that said judgment in so far as it is contrary thereto is void, inasmuch as it is based exclusively on said agreement and upon no independent act of the court; that the pleadings in that case was in the ordinary form of trespass to try title by the plaintiffs, who were alleged to be the heirs of certain persons, and did not embrace either Mayfield or Messec, in which the plaintiffs allege themselves to be the owners of the land describing block No. 4, and that Mayfield nor Messec were not parties thereto; that the defendants in that suit filed an answer of a general denial and not guilty; that at the time said agreement was made no other pleadings had been filed by either party, but that constituted the entire record in said cause; that the appellees Mayfield *Page 1064 
and Messec at the time said agreement was made were in fact the owners of an undivided one-half interest of whatever the plaintiffs in said cause were the owners therein, and that the plaintiffs owned the other half, and all of it was in conflict with the claim of the defendants; and after making said agreement this appellant acquired ownership in the land in controversy by purchase from the true owners thereof, they being the heirs of N. De la Cerda, and that said heirs owned an undivided interest at the time of said agreement in four leagues of land of the N. De la Cerda grant, of which the land in controversy is a part, and that the interest which he had purchased from said heirs amounted to more than the land in controversy — the appellant in this connection pleading the facts showing the several interests which he had purchased, together with the names of the heirs from whom he purchased, and alleging the several quantities to which each was entitled; that by reason of said purchases appellant became co-tenant with appellees Mayfield and Messec, and entitled to enter upon said land, and to take timber therefrom, not to exceed 353 acres, the remainder being the property of the appellees; that the land in controversy was not in the actual possession of any person, but is wild timbered land, and that he has merely entered upon said land for the purpose of taking timber therefrom, and in doing so had no purpose of interfering with the lawful rights of the appellees in relation thereto, but to appropriate in a lawful way so much, and no more, of the pine timber growing thereon that belonged to him, and that he had not appropriated any more of said timber than rightfully belonged to him; that the appellees Mayfield and Messec were not authorized to part with the title of the plaintiffs in the original suit, and that the judgment pleaded by them, apparently decreeing to them any partition of said land against the other plaintiffs, was fraudulent as to said plaintiffs, and was entered without their knowledge against their interest, and without any investigation as to the rights of the parties; that the appellant, since the agreement was made, has purchased the interest of several of said plaintiffs had in the land in controversy, besides other owners of the land, and that he now claims said land by virtue of said purchases." The prayer was as follows: "The premises considered, this defendant shows that he is wholly without adequate remedy at law, and accordingly prays that your honor may be pleased to grant him a fast writ of injunction restraining all of said plaintiffs, and all of those who may act for them, from cutting any of said timber off of said 521 acres of land, or from removing any of said timber therefrom, except as hereinafter indicated. This defendant further prays that so much of said judgment rendered in cause No. 7,954 as attempts to deprive the coplaintiffs of said Mayfield and Messec in cause No. 7,954 of the interest which they or their assigns owned in said lands on May 19, 1903, and of investing the plaintiffs Mayfield and Messec with said interest, be annulled, set aside, and held void, and that all land so owned by said plaintiffs in said cause and purchased by this defendant since the 19th day of May, 1903, and which from a part of the land in controversy to be allotted and decreed to this defendant; and that an order be made restraining the plaintiffs from interfering with defendant's rights thus declared; and that a referee be appointed and directed to divide said 521 acres of land in proportion to the interests of the parties plaintiffs and defendant, and according to the quantity and quality of merchantable pine timber growing thereon; and that each party be authorized to cut said timber on the part allotted to him by referee; and that this cause be continued for trial on its merits." Appellees, in supplemental pleading, excepted to appellant's pleadings, and pleaded that he was estopped by said judgment from claiming said land; that his purchases of the same did not amount to any considerable part of the land; and that he had already appropriated more than his share of the timber, even though he had any right to any part thereof; and denied the allegation of fraud on the part of Mayfield and Messec. Plaintiffs' general demurrer to Clevenger's answer and cross-bill was sustained, and, the latter refusing to amend, the court perpetuated the injunction against him, his agent and employes, restraining them from cutting any of the timber upon the tract in question, from removing any timber therefrom, from further going upon the land, and from further interfering with or obstructing in any manner the plaintiff the Keith Lumber Company, in clearing a way for its train roads over the land, and constructing their roadbed, and in building, completing, and operating the same. From this decree Clevenger has appealed.
There is no force in the motion to dismiss the appeal because the decree was not a final one. The decree is not only a final one, but it effectually adjudicates against the defendant any right he may have had by virtue of the deeds he alleged he had obtained to interests in this land since the date of the agreed decree. These rights do not depend altogether on the effect of the agreed decree, as some of the deeds mentioned were from parties who were not parties to the suit in which the agreed decree was rendered. Defendant clearly had the right under his pleading and prayer to be heard to that extent, at least, for the agreed decree had no effect upon persons not parties to it. There was. therefore, error in striking out the cross-bill and perpetuating the injunction, which had the effect of completely divesting defendants of any interest or rights of ownership in the land.
There were no grounds stated as the court's reasons for its judgment. We can *Page 1065 
conceive of none, except that the agreed decree was conclusive as between him and appellees, notwithstanding what was alleged by defendant. Of course, in a collateral attack that decree would be held conclusive on the parties thereto. But the cross-bill was a direct attack on it for fraud alleged to have been perpetrated in its rendition by Mayfield and Messec upon their coplaintiffs and principals in that proceeding. It will probably not be denied that these heirs could, in a direct proceeding brought for the purpose, have had the decree set aside as against Mayfield and Messec for fraud on them. If they had such a right of action, they could, In this state at least, assign same, and suit to open the decree could be maintained by their assignee. Gray v. Freeman (Tex.Civ.App.) 84 S. W. 1107.
We think the general demurrer should not have been sustained. As the cross-bill was a proceeding in the same court, charging fraud by Mayfield and Messec in the procurement of the decree which awarded them all of the 521-acre tract, and seeking to set it aside as to a half interest, which it was alleged certain heirs, their coplaintiffs, were entitled to, in so far as Clevenger had since bought from the heirs, it seems to us that those of said coplaintiffs who are named in the decree, and from whom Clevenger does not allege that he has procured deeds, should be made parties. If such defect exists in the agreed decree, it should be corrected in one proceeding.
Reversed and remanded.
 On Rehearing.
The only matter suggested by this motion which we think merits further discussion is the point that the opinion goes contrary to the principle of law laid down in La Vega v. League, 64 Tex. 217, and James v. Adams Wicks, 64 Tex. 193. That rule has no application in the present case. If the facts are as averred in the cross-bill, appellees held, as trustees for the heirs they represented, one-half of the tract set apart to them by the partition decree. The real effect of that decree, in connection with the facts stated in the cross-bill, was to entitle said heirs to an undivided one-half of said tract as co-tenants with appellees, as much so as if such half had been awarded them in terms by the decree. In such a case any person buying their Interest would stand in equity as co-tenants with plaintiff as to said tract, and this would not be inconsistent with, nor be doing any violence to, the partition. It would not involve any estoppel. We do not wish to be understood, from anything said In the main opinion, as holding that one party to a partition decree may acquire the title of a stranger and set it up against the other party. We do hold that the rule has no application here.
 The motion is overruled.
 *Page 48