N. S. GIVENS, Appellant, v. A. H. ROGERS, Respondent.

Kansas City Court of Appeals, January 17, 1916.

1. **STATUTE OF LIMITATIONS:** Removal from State: Return. Where a debtor executed his note and in a few days afterwards, before it became due, removed from the State, but returned on a visit more than ten years after it became due and was sued, it was *held* to be barred by the Statute of Limitations.

2. ————: Accrual of Cause of Action. A cause of action on a note has not accrued for the purposes of applying the Statute of Limitations, until it becomes due.

3. ————: Attachment for Debt and Due. The statutory right to attach property on a debt not due, does not affect the running of the Statute of Limitations.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*L. B. Gillihan* and *Thos. W. Hicklin* for appellant.

*Leopard & Fair* for respondent.

ELLISON, P. J.—Plaintiff's action was begun before a justice of the peace and is founded on two promissory notes executed by defendant. On appeal to the circuit court judgment was for the defendant.

The sole defense is the ten-year Statute of Limitations. One of the notes was executed January 6, 1902 and the other on the 7th, each falling due August 1, 1902. At the time defendant executed the notes he was a resident of Daviess county, Missouri, but in a few days thereafter (January 10, 1902) he removed to Oklahoma and has since continuously resided there. On November 11, 1912, he was back in Daviess county on a visit, when plaintiff instituted this action and obtained personal service on him on that day.

It will be observed that this action was begun ten years, three months and several days after the notes became due and payable. They are therefore barred by the statute unless saved, under the facts stated, by section 1897, Revised Statutes 1909, invoked by plaintiff, which reads as follows: "If at any time when any cause of action herein specified accrues against any person who is a resident of this State, and he is absent therefrom, such action may be commenced within the times herein respectively limited, after the return of such person into the State; and if, after such cause of action shall have accrued, such person depart from and reside out of this State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

Plaintiff's point is that, in the meaning of this statute, a cause of action accrued at the time of the execution of the notes. We think not, and so it has been decided in a like case. [Thomas v. Black, 22 Mo. 330.] A cause of action does not accrue until it matures. There is no cause of action—no right to sue —until the debt becomes due. [Sperry v. Cook, 247 Mo. 132, 139; Stark Bros. v. Gooding, 175 Mo. App. 353; Boyd v. Buchanan, 176 Mo. App. 56.] There is

a difference between the debt and the cause of action. A debt accrues as soon as it is incurred, but the cause for an action upon it does not accrue until a right to demand payment arises. [Bolen Coal Co. v. Ryan, 48 Mo. App. 512, 516; Mfg. Co. v. Burns & Co., 59 Mo. App. 391; Feeny v. Rothbaum, 155 Mo. App. 331, 336.]

The terms of the statute are that the debtor must have moved from the State *after* the cause of action accrued; and since defendant left the State before it accrued the statute cannot apply. It is a matter of purely statutory regulation and since defendant's case does not fall within its provisions, plaintiff cannot lay claim to it.

Plaintiff cites a case (Hefflebower v. Detrick, 27 West Va. 16). That case, when considered in connection with the dissenting opinion, is somewhat complicated, the statute considered is not like ours, and we cannot allow it to influence a departure from what we consider to be the plain meaning of ours.

Plaintiff also invokes this further consideration. It appears that defendant had formed the intention to leave the State and had that intention when he executed the notes and, in a few days, as already stated, he did leave. That was a cause for the institution of a suit by attachment under section 2295 of the statute reading that "An attachment may issue on a demand not yet due, . . . but no judgment shall be rendered against the defendant until the maturity of the demand."

It is enough to say that no such action was brought. But we may add that we do not see how the privilege given by that statute to lay hold of the debtor's property before the right of action accrues, should affect the construction we have given to the other section.

The judgment is affirmed. All concur.