### WAGGONER et al. v. KNIGHT.
### (No. 239–3427.)

(Commission of Appeals of Texas, Section A. June 1, 1921.)

1. Judgment ⬅⟳333—Answer to motion for correction of judgment entry could raise issue as to fraud in rendition of judgment.

Where all the parties to an action in which a judgment was rendered were served with notice of motion to correct the judgment entry, it was permissible for the answer to the motion to raise the issue of fraud in the rendition of the judgment and to ask that it be annulled.

2. Judgment ⬅⟳741—In proceedings on motion to correct judgment entry, where answer to motion alleged invalidity, order held res judicata as to validity of judgment, though issue was not expressly decided.

Where all the parties to the action in which a judgment was rendered were before the court on a motion to correct the judgment entry, and where the answer to the motion had raised the issue of fraud in the rendition of the judgment and had asked to have it annulled, the

judgment on the motion correcting the judgment entry with no express disposition of issue as to the alleged fraud *held* res judicata as to validity of judgment in subsequent action making attack thereon.

**3. Judgment ⬥333—Answer to motion for correction of Judgment entry held to raise issue as to fraud in its rendition.**

Answer to motion to correct judgment entry, alleging that judgment was procured by fraud, raised the issue of fraud, though movant did not deny allegations of fraud, since the motion to correct the minute entry of the judgment was in effect an assertion that the judgment was free from fraud, making denial of allegations as to fraud unnecessary.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Olga V. Knight, as guardian of the estate of Mrs. C. E. Rogers, a lunatic, against W. T. Waggoner and another. Judgment for defendants was reversed, and the cause remanded by the Court of Civil Appeals (214 S. W. 690), and defendants bring error. Judgment of Court of Civil Appeals reversed, and judgment of trial court affirmed.

Miller & Miller, of Fort Worth, for plaintiffs in error.

M. M. Hankins and W. T. Perkins, both of Quanah, for defendant in error.

TAYLOR, P. J. In the early part of the year 1906, Mrs. C. E. Rogers, divorced wife of J. J. Rogers, sold to Joe Terry the land here in controversy. Terry conveyed to W. T. Waggoner, who had furnished the money for the original purchase. L. H. Mathis, attorney for Mrs. Rogers, negotiated the sale to Terry, and out of the proceeds thereof was paid by her a commission of $150. All of the purchase money was paid to Mrs. Rogers except the balance due the state, and the amount of delinquent taxes.

In the fall of 1906, Mrs. Rogers not having given possession, and rumors having gained currency to the effect that she was insane, suit was instituted by Waggoner in trespass to try title to recover the land. The cause was numbered 3067 on the docket of the court. On January 29, 1907, the case came on for trial. No appearance was made for Mrs. Rogers. Counsel for Waggoner suggested to the court that he had been advised there was some question as to her sanity. The court thereupon appointed L. H. Mathis to represent her.

Mathis answered as guardian ad litem, setting up in substance that while Mrs. Rogers was abnormal in some respects, she was, at the time of the sale of the land, sane; that she had received its full value in the trade, and it was to her interest that the trade should stand. Waggoner replied setting up the terms of the trade, and further that the money received by Mrs. Rogers, except the amount of the commission paid Mathis and a small amount expended by her for necessaries, was still on deposit in the National Bank of Wichita Falls to her credit. The prayer was for recovery of the land, or, in the alternative, for the recovery of the money paid Mrs. Rogers, and for protecting liens.

The court found that the trade was made by Terry in good faith, was just and fair, and free from fraud; that Mrs. Rogers was sane at the time she sold the land; and that she received full and fair value therefor. Judgment was rendered on the findings that Waggoner recover the land. Soon thereafter Mrs. Rogers gave possession. Thus the matter stood until 1909.

In the early part of that year, J. J. Rogers and Mrs. Olga V. Knight, his daughter—also the daughter of Mrs. Rogers—filed a lunacy charge against her. Upon hearing she was adjudged a lunatic, and, following the judgment, was confined in the State Asylum. Mrs. Knight was appointed guardian of the estate, and as such received from her mother the balance of the proceeds of the sale of the land.

In February, 1911, Mrs. Knight as guardian filed this suit in the ordinary form of trespass to try title to recover the land. The cause was numbered 4030 on the docket. By amended petition upon which the case was tried, an attack was made upon the judgment in Waggoner v. Rogers in cause No. 3067. The allegations made the basis of the attack are to the effect that Mrs. Rogers was insane at the time of the sale of the land, and has been insane continuously since; that Waggoner and Terry planned together to get the land from Mrs. Rogers for less than its true value, and to that end, knowing that she was insane, procured the making of the conveyance from her to Terry; that Waggoner, by filing suit numbered 3607 and prosecuting it to judgment, endeavored to cover up the fraud practiced to get the land; that L. H. Mathis, the guardian ad litem for Mrs. Rogers, was disqualified as such by reason of his interest in the suit. Waggoner, in reply, pleaded, among other defenses, that of res adjudicata.

The following facts constitute the basis of the plea: After the filing of the suit by Mrs. Knight as guardian, Waggoner ascertained that a clerical error had been made in entering the judgment on the minutes in Waggoner v. Rogers, cause No. 3607, in that the land, instead of being described correctly as section No. 2, was described incorrectly as section 92. He thereupon filed a motion in cause No. 3607 asking a correction of the minute entry to the end that the minutes would properly describe the land and truly reflect the judgment actually rendered. Notices were issued and served upon Mrs. Rogers, Mathis, and Mrs. Knight as guardian of

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Mrs. Rogers. Mrs. Knight appeared by counsel, one of whom, M. M. Hankins, was appointed by the court to represent Mrs. Rogers as guardian ad litem. On July 18 and 19 answers to the motion were filed by the guardian and guardian ad litem, respectively, in which they pleaded limitation in bar of correcting the entry, and a general denial. They pleaded also specially the same facts in resisting the motion to correct the judgment entry as were pleaded by Mrs. Knight in this cause (No. 4043) as a basis for setting the judgment aside. The prayer following the response to the motion was, as it is in this case, that the deed and judgment be canceled and set aside. Judgment was rendered in the proceeding in which the motion was made, making the correction as prayed for. No express mention was made in the judgment of the issue of fraud raised by the special answers of the guardian and guardian ad litem. The Court of Civil Appeals reversed the judgment, but on appeal to the Supreme Court it was affirmed. 108 Tex. 328, 193 S. W. 136.

The facts set out in the foregoing statement relating to the motion to correct constitute the basis of the plea of res adjudicata set up in this cause.

Upon the trial the court instructed the jury peremptorily to find for Waggoner. The Court of Civil Appeals by a majority opinion reversed the cause and ordered it remander for another trial. 214 S. W. 690.

It is urged in the application for the writ that the judgment of the Court of Civil Appeals should be reversed and that of the trial court affirmed, on two grounds: First, that no testimony was offered tending to raise the issue of fraud in the rendition of the judgment in cause No. 3607; second, that plaintiff in error's plea of res adjudicata was good. If either contention is correct the trial court judgment should be affirmed.

Judge Hall in the minority opinion states as follows the fundamental question to be decided:

"Under the Texas practice, when a motion is made by plaintiff in a judgment to correct the judgment entry, and all parties have been duly served with notice of the motion, is it permissible for the defendant in the judgment to raise the issue of fraud in its rendition and ask that it be annulled?"

If such proceeding was permissible in connection with the consideration of the motion to correct, and the judgment rendered in the proceeding disposed of the issue of fraud raised by the special answers, plaintiff in error's plea of res adjudicata was good.

It is the view of the majority of the Court of Civil Appeals that the court's judgment upon the motion had no other effect than to merely correct the clerical error pointed out and make the judgment in cause No. 3067 speak the truth. In support of this view

Coleman v. Zapp. 105 Tex. 491, 151 S. W. 1040, is cited, and the following excerpt is quoted therefrom:

"A proceeding of such character, whose only purpose is to have the judgment entry speak truly the judgment as rendered, neither asserts nor seeks the enforcement of any new right; it presents no issue between the parties except in respect to the accuracy of the record and otherwise involves the adjudication of nothing between them. It is powerless to reopen the controversy as closed and sealed by the judgment and makes no such attempt. The inquiry under it is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined. If an amended or corrected entry be ordered, the status of the parties and their relative rights, as decreed and fixed by the judgment, remains untouched and unaltered, in no sense adjudicated anew, but only judicially evidenced as originally determined."

The foregoing excerpt, as will be seen by an examination of the opinion of which it is a part, follows immediately a quotation to the effect that frequent decisions of the Supreme Court have settled the right to have a judgment amended after the expiration of the term at which it was obtained, when through mistake or clerical error the record fails to speak truly the judgment actually rendered. The language of the excerpt is carefully qualified, however, so as to apply to proceedings "whose only purpose is to have the judgment entry speak truly." It is apparent that it does not apply to such a proceeding after its scope has been enlarged with a view to determining other issues. It is not the effect of the excerpt, nor is it held in the opinion from which it was taken, that issues other than that of correcting the entry may not be set up and determined in a proceeding of that character, where the parties at interest are all before the court. As pointed out by Judge Hall, the court expressly approves, in the opinion in the Zapp Case, the joinder in one proceeding of the scire facias and attachment proceedings considered in connection with the motion. It has been recognized that such practice is permissible where the several causes arise out of the same transaction. Hammond v. Atlee, 15 Tex. Civ. App. 267, 39 S. W. 600; Smart v. Panther, 42 Tex. Civ. App. 262, 95 S. W. 679; Clevenger v. Mayfield (Civ. App.) 86 S. W. 1062. A contrary holding in this case would be inconsistent with the settled policy of the Texas practice to avoid a multiplicity of suits.

[1, 2] It was the duty of the court to hear in the proceeding on the motion the issues raised by the pleadings. All of the parties at interest were before the court. A guardian ad litem was appointed to represent Mrs. Rogers, and through his answer on her behalf the issue of fraud was raised. The pleading

raising the issue was not withdrawn, nor was any objection urged to its consideration.

It is urged that regardless of whether the issue of fraud was raised, the judgment did not dispose of it; and in this connection attention is directed to the fact that the judgment on the motion is silent as to the issue of fraud; also, that no evidence was offered upon any issue other than that of limitation.

The Supreme Court held in Hermann v. Allen, 103 Tex. 382, 182 S. W. 115, that a judgment is logically to be taken as disposing of all the issues pending for decision under the pleadings, unless the court excludes some of them from the effect of the adjudication.

In that case the suit was by Allen to recover damages for the wrongful suing out and service upon him of a writ of injunction in a former suit. The former suit was by Hermann and another against Allen and another, restraining Allen from removing his house situated on Hermann's land. In the suit filed by Hermann, Allen pleaded in reconvention his right to the house, and that he should recover damages suffered by reason of the service on him of the writ wrongfully sued out by Hermann. In that suit the pleadings put in issue (1) the right of Allen to move the house, and (2) the right of Allen to recover damages by reason of Hermann's interference with that right. The judgment determined the first issue in Allen's favor, but made no mention of the second. In the suit by Allen seeking to recover damages for the service upon him of the injunction writ, Hermann pleaded res adjudicata based on the judgment in the suit by Hermann and another.

Judge Williams, in holding the res adjudicata plea good, states that while Allen was not bound to plead in reconvention his damages in the former suit, and was not bound in the event he did so plead to prosecute his plea to final judgment, nevertheless he could not go to trial and submit his cause for decision upon pleadings raising such an issue, and afterwards be heard to say it was not involved in the final judgment, merely because he introduced no evidence to sustain it and no mention was made of it.

In the later case of Trammell v. Rosen, 106 Tex. 132, 156 S. W. 1161, plaintiff sued to recover on certain purchase-money notes and to foreclose the lien. Defendant set up his homestead rights in one of the lots covered by the lien and sought to recover damages for the taking of the homestead by sequestration. The judgment was for recovery on the notes and for foreclosure of the lien, but did not expressly dispose of either the homestead or damage issue. It was held that both issues were disposed of by the plaintiff's judgment for debt and foreclosure.

The majority opinion holds that the Supreme Court cases discussed are not pertinent in determining the question presented, for the reason that final judgment had already been rendered in cause No. 3607 at the time the motion to correct was presented, and that the only jurisdiction then remaining in the court as to that cause was its jurisdiction to correct the judgment as entered. The reason assigned is without force, if it was permissible for defendants in error through their allegations of fraud to invoke the jurisdiction of the court as upon an independent action. The majority recognize in the following language that it was permissible for defendants in error to raise the issue of fraud in the proceeding in the motion:

"We do not mean to say that, if the appellees had answered the issues tendered in appellant's answer to the motion, and the court had actually heard and decided the issues thus made and rendered judgment thereon, we would not consider the matter as being finally disposed of. In such case, under our liberal system of practice, the proceeding and judgment thereon might properly be regarded as a proceeding in an independent action, though it was filed in and took the number and style of the original suit."

If issue was joined on the plea of fraud, the effect of the conclusion reached by the majority, in view of its holding quoted above, is that the plea of res adjudicata should not have been sustained on the fraud plea because issue was not joined, rather than because of a lack of jurisdiction in the court.

[3] The issue of fraud in procuring the judgment was raised by defendants in error by the allegations of their special answer. It was not necessary, as pointed out in the minority opinion, that plaintiff in error deny the allegations in order to join the issue. Inasmuch as the motion to correct the minute entry of the judgment was in effect an assertion that the judgment was free from fraud, no denial was necessary. Issue was therefore joined on the charge of fraud. The purpose thereafter of the proceeding on the motion was no longer merely to correct the judgment entry, but was to determine the issues raised as upon an independent action.

The pleadings put in issue (1) plaintiff in error's right to correct the judgment, and (2) the validity of the judgment. Neither issue was excluded from the scope of the court's action. The judgment determined the first in plaintiff in error's favor, but made no express disposition of the second. It follows, we think, from the holdings of the Supreme Court in the Trammell and Hermann Cases, that both issues were disposed of by the judgment. Plaintiff in error's plea of res adjudicata is therefore good.

This conclusion was reached in the minority opinion of the Court of Civil Appeals. In concurring therein no attempt has been made to add to Judge Hall's clear and logical discussion of the questions presented. What has been said is but little more than a free sum-

mary of the salient points of the majority and minority opinions of the Court of Civil Appeals, made with a view to presenting as a connected whole, the statement of the case, and the majority and minority holdings discussed, together with our concurrence in the latter.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.