### LOTT v. LOFTON.   (No. 2600.)

(Court of Civil Appeals of Texas.  Amarillo.
Feb. 3, 1926.)

1. **Judgment ⌖331—Judgment nunc pro tunc, correcting two of several alleged defects, not binding on plaintiff attacking judgment in independent action.**

Where plaintiff chose to attack adverse judgment by independent action instead of filing bill of review in original cause, judgment nunc pro tunc in original cause, correcting two of several alleged defects, *held* not res judicata as to plaintiff.

2. **Judgment ⌖949(1) — In pleading former judgment in bar, it should be averred there was trial on merits.**

In pleading former judgment in bar, it should be averred that there was trial on merits, and definite facts should be pleaded showing determination thereof against adverse party.

3. **Judgment ⌖735—Former judgment no bar to litigation on same subject, unless same vital point is directly in issue.**

Former judgment will not be bar to further litigation regarding same subject-matter, unless same vital point was put directly in issue or was fairly within scope of pleadings.

4. **Judgment ⌖459 — One attacking judgment held entitled to injunction restraining execution after modification thereof (Vernon's Sayles' Ann. Civ. St. 1914, arts. 3726, 3729; Rev. St. 1925, arts. 2228, 2229).**

Where action was pending attacking judgment and execution, alleging noncompliance with Vernon's Sayles' Ann. Civ. St. 1914, arts. 3726 and 3729, and other defects, and such judgment was amended to correct two of them, defendant, proceeding under Rev. St. 1925, arts. 2228, 2229, was not entitled to dissolution of temporary injunction restraining execution of such judgment till question of other defects had been decided in trial on merits.

Appeal from District Court, Hall County; R. L. Templeton, Judge.

Suit by H. Lott against E. B. Lofton, in which H. N. Davis intervened. From a judgment dissolving a temporary injunction restraining the execution of a judgment for defendant, plaintiff appeals. Reversed and remanded.

Cole & Simpson, of Clarendon, for appellant.

Cocke & Gribble, of Wellington, for appellee.

HALL, C. J.  On November 18, 1920, the appellant filed suit in the district court of Hall county against appellee, Lofton; said cause being numbered 1055 on the docket of that court.  He sought to recover $1,800 which he alleged Lofton owed him; said indebtedness growing out of the lease by him to Lofton of a farm in Hall county for the rental year 1920.  He alleged that Lofton owed him said sum for teams, cows, hogs, supplies, and money which he had furnished Lofton to enable him to raise, gather, and market a crop during that year.  He prayed for judgment for his debt and foreclosure of his landlord's lien upon all of the property, including the crops raised upon the leased premises.

On June 12, 1922, Lofton filed his answer in said cause No. 1055, denying the allegation that advances had been made to him, contesting Lott's right to a landlord's lien; alleged the payment of certain items of indebtedness; and by way of cross-action sued

---

⌖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lott for wrongfully and illegally issuing and having levied a writ of sequestration upon certain property.

H. N. Davis intervened in said cause No. 1055, claiming an indebtedness against Lofton for groceries and supplies, which he alleged he furnished Lofton, and prayed for judgment for his ·debt, and the foreclosure of a chattel mortgage upon Lofton's three-fourths interest in 60 acres of cotton grown upon the premises during the rental year, and also the foreclosure of his mortgage lien upon three mules and other live stock upon which Lott claimed to have a landlord's lien. Lofton prevailed in that suit; but the judgment failed to make any disposition of the intervener, Davis. Thereafter execution was issued to Donley county and placed in the hands of the sheriff of that county by Lofton; and on the 30th day of August, 1924, Lott filed his petition in the nature of a bill of review in the district court of Hall county, which was numbered 1290 on the docket of said court, praying for a temporary injunction against Lofton and against the sheriffs of Hall and Donley counties, restraining them from enforcing said judgment in cause No. 1055. He attacked said judgment and execution, first, because, as alleged, the judgment was secured by Lofton by fraud and perjury, and by the introduction of false testimony at a time when he was not prepared to controvert it, and did not have time to procure witnesses to show the fraud and perjury; and further alleging that he did not know that such testimony was false until after it was too late for him to file a motion for new trial. He further attacked the judgment as not being final, because it failed to dispose of the intervener, Davis, and of his rights asserted in his plea of intervention. As a further ground for enjoining the execution, he alleged that it was the first execution issued on the judgment, and was issued to Donley county, contrary to the statutes of this state, without having prior thereto issued an execution to Hall county, that being the county in which the judgment was rendered.

The trial judge granted a temporary injunction restraining the sheriff of Donley county, who was about to levy the writ of execution, and also granted a temporary injunction restraining Lofton from having further executions issued upon said judgment.

On November 19, 1924, Lofton answered in said cause No. 1290, moving the court to dissolve the temporary injunction. The motion to dissolve was heard by the trial judge in chambers at Clarendon, and was overruled. From said ruling Lofton appealed to this court, and on the 21st day of January, 1925, this court affirmed the judgment, refusing to dissolve the injunction, in an unpublished opinion, in which it was held that the petition for injunction was legally sufficient to warrant the court in granting the writ in the first instance, and that Lofton was not en-titled to have it dissolved because his motion or answer was not verified and did not attempt to swear away the equities of the bill, and was, in legal effect, nothing more than a general demurrer to the petition. It was further held that, if the judgment was based upon· perjured testimony, the trial court was, under the facts set out in the petition, warranted in enjoining its execution—citing McMurray v. McMurray, 4 S. W. 357, 67 Tex. 665; State ex rel. Bostick v. Stark (Tex. Civ. App.) 203 S. W. 371; Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 454; Wagley v. Wagley (Tex. Civ. App.) 230 S. W. 495. This court also sustained the trial judge's order refusing to dissolve the temporary injunction, because no execution had been issued to Hall county first, and because the judgment did not sufficiently describe the property—citing V. S. C. S. arts. 3726, 3729; Schneider v. Dorsey, 74 S. W. 526, 96 Tex. 544; Norwood v. Orient Ins. Co. (Tex. Civ. App.) 44 S. W. 188. This court further held that, because the judgment failed to dispose of the intervener, Davis, and the issues presented by his plea of intervention, the judgment was not such a final judgment as would support an execution—citing Moore v. Toyah Valley Irrigation Co. (Tex. Civ. App.) 179 S. W. 550; Miller v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 241 S. W. 540; McCarty v. Gray (Tex. Civ. App.) 158 S. W. 1154; Busby v. Schrank (Tex. Civ. App.) 174 S. W. 295. After this court had affirmed the judgment of the trial court in refusing to dissolve the temporary injunction, Lofton filed a motion on the 27th day of January, 1925, in said original cause No. 1055 in the district court of Hall county to correct the original judgment which had been entered in the cause by a judgment nunc pro tunc which would dispose of the intervener, Davis, and contain a proper description of the property in controversy. In his motion to correct it was shown that at the time of the trial Davis had moved the court to permit him to withdraw his plea of intervention without prejudice, and that the court had, by an order entered upon the docket, permitted him to do so, but that through oversight in entering the judgment the order of the court noted upon the docket was not incorporated in the judgment. It appears that Lott contested the right of Lofton to amend the judgment in the particulars stated, but his pleading contesting the motion is not in the record before us on this appeal. The motion to enter a corrected judgment nunc pro tunc in cause No. 1055 was granted February 11, 1925. The corrected judgment properly disposed of the intervener, Davis, and described the property correctly which had been misdescribed in the original judgment. Lott did ˙not appeal·from that proceeding, and on the 17th day of March, 1925, Lofton filed in cause No. 1290 his supplemental motion to dissolve the temporary writ of injunction, which, as stated,

had been issued in said cause on the 30th day of August, 1924; and, in addition to the demurrers urged in his original motion to dissolve, he alleged in his supplemental motion as follows:

(1) That in addition to the matters and things set forth in defendant's original motion the defendant now states that heretofore, to wit, on February 11, 1925, this honorable court entered final judgment in cause No. 1055, being the same cause as that mentioned in plaintiff's original petition for injunction; that at said time plaintiff herein was present and knew, and was advised of, all the matters and things charged and complained of in his said original petition and bill, and that said judgment so entered was in no manner excepted to or appealed from, and the plaintiff herein is now precluded and prevented from invoking, or seeking to invoke, the equities of this court to furnish him the relief sought in said original petition, and especially the matters of alleged false and perjured testimony, and this court says that said judgment so entered is, upon its face, a valid, subsisting, and unsatisfied judgment against plaintiff herein.

(2) That no execution has been requested, issued, or attempted to be served under said final judgment as entered in said cause as above alleged.

(3) That the intervener in said cause No. 1055 is legally disposed of in said judgment.

(4) That the property described in said judgment was taken by the officers of the court under a distress warrant, and has never been replevied by the defendant or redelivered to the defendant, but remains in custodia legis.

In reply to the supplemental motion to dissolve the temporary injunction, Lott, by his answer, adopted and incorporated therein his original petition for injunction theretofore filed August 30, 1924, and also adopted the allegations of his answer contesting Lofton's motion to correct the judgment in cause No. 1055. The pleading by which he contested the motion to amend the judgment in cause No. 1055 does not appear in the record, and we have no information as to its contents. His answer, contesting the supplemental motion of Lofton to dissolve the temporary injunction, in which, by reference, he incorporates his original petition for injunction, as well as his answer to the motion in cause No. 1055, was filed at the September term, 1925, of the district court of Hall county. Upon a hearing of the supplemental motion, the court dissolved the temporary injunction, the order being in part as follows:

"H. Lott, having filed his answer to said motion, appeared by his attorneys of record, and announced ready thereon; whereupon the court, having heard said motion and answer, and having heard all of the matters of fact presented thereunder, and having heard the argument of counsel as to the law, and being fully advised in the premises, and having fully considered all of the matters relative to the issue raised by said motion and answer, is of the opinion that the law and the facts are with the defendant, E. B. Lofton, and that said motion should be in all things granted, and said temporary writ of injunction heretofore on August 30, 1924, issued by this court should be dissolved and dismissed."

The court then decrees the dissolution of the temporary injunction as to the sheriffs of Hall and Donley counties, as well as to Lofton, taxing the costs against Lott. This appeal is prosecuted from that order.

The court filed no findings of fact nor conclusions of law. There is an agreed statement of facts in the record which shows that the nunc pro tunc judgment entered by the court in cause No. 1055, is identical with the original judgment, except in the disposition made of the intervener, Davis, and certain corrections in the description of personal property. The nunc pro tunc judgment is dated September 11, 1925, and purports to be simply an amendment and correction of the original judgment theretofore rendered. The motion filed by Lofton shows that he was proceeding under R. S. arts. 2228 and 2229. The record discloses that the proceeding was instituted to correct the description of the property involved, and amend the judgment, making it dispose of Davis and his rights. Lofton does not plead that proceeding as res judicata of the issue of the validity of the judgment other than in the two particulars stated. The only allegation with reference to the proceeding in his amended motion is "that at said time plaintiff herein was present and knew, and was advised of, all the matters and things charged and complained of in his said original petition and, bill, and that said judgment so entered was in no manner excepted to or appealed from, and the plaintiff herein is now precluded and prevented from invoking or seeking to invoke the equities of this court," etc.

[1-3] This is clearly not a plea of res judicata, since it is not shown that the issue of fraud and perjury upon which Lott attacked the judgment was made an issue in the proceeding to correct and amend the judgment. In pleading a former judgment in bar, it should be averred that there was a trial on the merits. The merits involved in the former proceeding should be set forth, and definite facts should be pleaded showing their determination against the adverse party. The fact that the adverse party was in court during the proceedings, and had knowledge of such proceeding, is insufficient. A former judgment will not be a bar to further litigation regarding the same subject-matter, unless the same vital point was put directly in issue, or was fairly within the scope of the pleadings. It is not conclusive of any matter, if the matter be not such that it had of necessity to be determined before the judgment of the court could have been given. Philipowski v. Spencer, 63 Tex. 604.

Prior to the filing of the motion to amend and correct the judgment in the two particulars mentioned, Lott had filed this independent action, being cause No. 1290, attacking the judgment on the ground of fraud and perjury, and it was pending upon the docket when the proceeding to correct that judgment was had in cause No. 1055. It would have been permissible for Lott to have abandoned his action in cause No. 1290, and, by filing his bill of review in cause No. 1055, put in issue the validity of the original judgment upon the ground of fraud and perjury. This is the course which was pursued in the case of Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357; Id. (Tex. Civ. App.) 214 S. W. 690. If he had adopted the course which was pursued by Mrs. Knight in that case, then Lofton could have pleaded res judicata in this proceeding. Lott decided, however, not to contest the judgment upon the issue of fraud, but to stand upon his original action then pending upon the docket as cause No. 1290, and he had the right to do so, as was held in the Waggoner-Knight Case, supra.

[4] The judgment of the court in dissolving the temporary injunction is therefore erroneous, unless it can be sustained upon the other grounds set up in the supplemental motion to dissolve. The supplemental motion alleges that no execution has been requested, issued, or attempted to be served under the final judgment as entered nunc pro tunc, but it is not alleged that Lofton will not thereafter have an execution issued. The only inference deducible from his action in having the judgment amended and corrected is that he eventually will have an execution issued, and this possible and threatened proceeding was enjoined by the original order. While the amendment and correction of the judgment as made by the judgment entered nunc pro tunc cures two of the defects complained of in the bill of review, the principal ground of attack, viz., its invalidity, because it was procured by false and fraudulent testimony, is still an undecided issue; and we think the temporary injunction should have been continued for a trial of that issue upon the merits.

The judgment of the court dissolving the temporary injunction is therefore reversed, and the cause is remanded.

JACKSON, J., not sitting.